## In re STEINER et al.

### (Circuit Court, S. D. New York. April 25, 1894.)

#### No. 592.

CUSTOMS DUTIES—CLASSIFICATION—STRUNG GLASS BEADS.

A finding of the board of general appraisers, supported by the weight of evidence, that glass beads, threaded on strings, were strung beads, dutiable as "manufactures of glass," under Act Oct. 1, 1890, par. 108, and not under paragraph 445, as "glass beads, loose, unthreaded, or unstrung," should be sustained.

This was an application by Steiner, Kohn & Co., importers of certain glass beads threaded upon strings, for a review of the decision of the board of general appraisers sustaining the decision of the collector of the port of New York as to the rate of duty on such merchandise.

Stephen G. Clarke, for importers.

Thomas Greenwood, Asst. Dist. Atty., for collector.

COXE, District Judge (orally). In this case the collector assessed the importations under paragraph 108 of the tariff act of October 1, 1890, as "manufactures of glass." The importers insist that they should have been assessed under paragraph 445 of the

same act, which provides for "glass beads, loose, unthreaded, or unstrung, ten per centum ad valorem." A simple question of fact is thus presented where the burden is upon the importers to prove that the importations consist of unstrung glass beads. This question of fact was tried out before the board of appraisers and they have found that the articles in question are "manufactures of glass," and are not unstrung glass beads. As I recollect the evidence the only testimony before the board was to the effect that these are strung beads; in fact a mere ocular examination of them demonstrates that they are strung beads. As there is no evidence to the contrary the court would hardly be justified in overruling the decision of the board. If it were a disputed question of fact on evenly balanced testimony their decision should stand, but as it is the weight of evidence is clearly on the side of the collector. The decision of the board of appraisers is, therefore, affirmed.