## UNITED STATES v. BUETTNER et al.

### (Circuit Court of Appeals, Seventh Circuit. October 4, 1904.)

### No. 1,065.

1. CUSTOMS DUTIES—CLASSIFICATION—BEADS TEMPORARILY STRUNG.

The provision in paragraph 408, Tariff Act July 24, 1897, c. 11, § 1, Schedule N, 30 Stat. 189 [U. S. Comp. St. 1901, p. 1673], for "beads of all kinds not threaded or strung," was intended to exclude only beads permanently threaded or strung, as in the manufacture of fabrics and other articles, and is *held* to include metal beads intended for the manufacture of purses, threaded or strung temporarily for the purposes of transportation and sale only, on cheap, weak cotton threads, and arranged in bunches.

Appeal from the Circuit Court of the United States for the Northern Division of the Northern District of Illinois.

The decision in question reversed a decision of the Board of General Appraisers (G. A. 5,360, T. D. 24,512), which had affirmed the assessment of duty by the collector of customs at the port of Chicago on merchandise imported by T. Buettner & Co.

Note U. S. v. Morrison, 179 U. S. 456, 21 Sup. Ct. 195, 45 L. Ed. 275, and Steinhardt v. United States (C. C.) 113 Fed. 996.

The facts are stated in the opinion of the court.

Albert H. Washburn, for appellant.

William Brace, for appellee.

Before JENKINS, GROSSCUP, and BAKER, Circuit Judges.

GROSSCUP, Circuit Judge, delivered the opinion of the court.

The case before us involves the classification of an importation of metal beads entered at the port of Chicago, November 4th, 1901.

The portions of the act of 1897 involved are clause (a) and clause (b), of paragraph 408, and the whole of paragraph 193 of the Act. These sections are as follows:

"408. (a) Beads of all kinds, not threaded or strung, 35 per centum ad valorem.

"408. (b) Fabrics, nets or nettings, laces, embroideries, galloons, wearing apparel, ornaments, trimmings and other articles not specially provided for in this act, composed wholly or in part of beads or spangles, made of glass or paste, gelatine, metal or other material, but not composed in part of wool, 60 per centum ad valorem." Act July 24, 1897, c. 11, § 1, Schedule N, 30 Stat. 189 [U. S. Comp. St. 1901, p. 1673].

"193. Articles or wares not specially provided for in this act, composed wholly or in part of iron, steel, lead, copper, nickel, pewter, zinc, gold, silver, platinum, aluminum, or other metal, and whether partly or wholly manufactured, 45 per centum ad valorem." Schedule C, 30 Stat. 167 [U. S. Comp. St. 1901, p. 1645].

The importation was liquidated by the collector at sixty per cent. ad valorem, under clause (b) of paragraph 408.

The importers protested on the ground that the beads were properly assessable at thirty-five per cent. ad valorem only, under clause (a) of paragraph 408. The Board of General Appraisers (G. A. 5360) held that the beads should have been classified "as manufactures of metal," under paragraph 193; but, that inasmuch as the importers

had failed to make claim under this paragraph, the classification applied by the collector should be affirmed.

Paragraph 193 is the catch-all paragraph, for all articles or wares composed wholly, or in part, of iron, steel, and the like, not specially provided for in the other paragraphs of the act. If the importation falls fairly within any of the clauses of the act specifically applicable, this paragraph is, of course, inapplicable.

The importation was of small, steel beads, used by ladies in the manufacture of bead purses, and other ornaments; and, for the purpose solely of packing, transportation, and sale, were strung into small bunches, by means of a cheap, weak, cotton string running through their eyelets. Thus strung they were caught up into loops, and tied together at a central point, forming a series of loose, dangling festoons or strands; and in this form sold, either by the bunch, or in numbers of bunches.

Brought into use in the manufacture of permanent fabrics or articles, the cotton strings were broken, and the beads thus released individually taken up and grouped, permanently, into certain shapes and forms. Manifestly in this form of stringing for transportation and sale, the beads are not yet a part of any fabric, trimming, or other article contemplated by clause (b) of paragraph 408.

It is clear to us that clauses (a) and (b), taken together, were intended to cover the subject matter of importing metal beads, both as beads composing parts of manufactured fabrics, and as beads individually, constituting the material, in part, for such fabrics. The difference in the duty laid—in the one thirty-five per cent. ad valorem, and in the other sixty per cent.—was intended undoubtedly as a differential in favor of the domestic manufacturers of such fabrics.

But clause (a) reads "beads of all kinds not threaded or strung," and it is said that, literally speaking, these beads were strung. The clause, as we interpret it, in view of the clause that follows, has application, not to beads temporarily strung or threaded for purposes of transportation, but to beads permanently threaded or strung, as beads are threaded or strung in the manufacture of the fabrics, nets, wearing apparel, and the like. In the interpretation of statutes, the letter must yield to the substance of the distinctions intended to be expressed; and it is our judgment that the classification here intended was between metal beads constituting permanently, a part of a fabric or article, and beads that in their individual state, may be worked into such manufactures. We seen no reason why beads threaded, or strung, temporarily, for the purposes of transportation and sale only, on cheap, weak, cotton threads, should be subjected to a higher duty than if placed individually in pasteboard boxes, or some other kind of packing, convenient for transportation.

In re Steiner (C. C.) 66 Fed. 726, decided originally by District Judge Coxe, and affirmed, but without opinion, by the Circuit Court of Appeals (79 Fed. 1003, 24 C. C. A. 690), is cited against the view just stated. That case was under the tariff act of October 1, 1890, c. 1244, § 1, Schedule N, par. 445, 26 Stat. 600, providing a ten per cent. ad valorem duty on "glass beads loose, unthreaded, or unstrung," and a higher duty upon "manufactures of glass." The court found, as a

fact, that the beads were threaded upon strings. This was the whole of the finding. It was not disclosed whether the threading was for purposes merely temporary, or was permanent. For all that appears, the beads in that case, may have constituted a completed article of manufacture.

The decree of the Circuit Court will be affirmed.