### HENRY E. FRANKENBERG CO. v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. February 26, 1906.)

#### No. 138.

1. CUSTOMS DUTIES—CLASSIFICATION—BEADS TEMPORARILY STRUNG.
   Beads are not to be included within the provision in Tariff Act July 24, 1897, c. 11, § 1, Schedule N, par. 408, 30 Stat. 189 [U. S. Comp. St. 1901 p. 1673], for beads "not threaded or strung," because they are strung only temporarily.

2. COURTS—COMITY—CONFLICTING DECISIONS.
   Two Circuit Courts of Appeals reached differing conclusions in cases involving the same question, and another like case was presented to the court making the earlier decision. *Held* that, unless the court is persuaded by the decision of the other court that its former conclusion was wrong, the better course is for it to adhere to its former ruling, leaving it to the Supreme Court to secure uniformity by determining which of the conflicting decisions is correct.

   [Ed. Note.—For cases in point, see vol. 13, Cent. Dig. Courts, §§ 314, 327.]

Appeal from the Circuit Court of the United States for the Southern District of New York.

This cause comes here upon appeal from a decision of the Circuit Court, Southern District of New York (144 Fed. 704), which affirmed a decision of the Board of General Appraisers, G. A. 5,878 (25,891), which sustained the action of the collector.

Frederick W. Brooks, for the importers.

Charles Duane Baker, Asst. U. S. Atty.

Before LACOMBE and COXE, Circuit Judges.

PER CURIAM. The articles in question are metal beads, which have been strung on cotton threads, and the only question is whether they are dutiable under Tariff Act July 24, 1897, c. 11, § 1, Schedule N, par. 408, 30 Stat. 189 [U. S. Comp. St. 1901, p. 1673], which reads, "beads of all kinds, not threaded or strung." Precisely similar articles, except that they were made of glass, were before this court in Re Steiner, 79 Fed. 1003, 24 C. C. A. 690. It appeared in that case as in this that the beads were strung on very thin cheap cotton thread; that such stringing was temporary only, for transportation and for con-

venience in selling, and that they were unstrung before they were used. We sustained the Circuit Court in holding that such articles were not within par. 445, Act Oct. 1, 1890, c. 1244, § 1, Schedule N, 26 Stat. 600, as "glass beads * * * unthreaded or unstrung."

No new facts and no new arguments are presented which would require a different decision in this cause. Reference is made to a decision of the Circuit Court of Appeals in the Seventh Circuit (U. S. v. Buettener, 133 Fed. 163, 66 C. C. A. 289), where the facts were apparently the same but the conclusion reached different from that in the Steiner Case; and it is suggested that, in order to secure an harmonious interpretation of the tariff act, we should reverse our former decision, and follow the court in the Seventh Circuit. Inasmuch, however, as the decision of this court was first in order of time, that argument might more properly have been addressed to the Seventh Circuit. Since we are not persuaded by the later decision that we were in error in our first conclusion, the better course would seem to be to adhere to our former ruling, leaving it to the Supreme Court to secure uniformity by determining which of the conflicting constructions of the paragraph is the correct one.

The authorities which are found in the exhaustive brief of counsel for the importers are not controlling, because they deal with causes where a Circuit Court in one circuit has reversed its former decision to conform to a later decision of a Circuit Court of Appeals in another circuit. Here the first decision was by a court of equal jurisdiction.

The decision of Circuit Court is affirmed.