HENRY E. FRANKENBERG COMPANY *v.* UNITED STATES.

CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE SECOND CIRCUIT.

No. 257.    Argued April 12, 1907.—Decided May 13, 1907.

In construing a tariff act the court cannot disregard the condition upon which the law makes the duty depend. Under paragraph 408 of the tariff act of 1897, 30 Stat. 151, 189, metal beads strung on cotton cords or strings, although only temporarily strung to facilitate transportation, are subject to the higher duty of forty-five per cent. and not to the lower duty of thirty-five per cent. as beads "not threaded or strung."

146 Fed. Rep. 63, affirmed.

The facts are stated in the opinion.

*Mr. Frederick W. Brooks* for petitioner.

*Mr. Assistant Attorney General Sanford* for respondent.

Mr. Justice McKenna delivered the opinion of the court.

The question involved in this case is whether certain importations of metal beads are dutiable under paragraph 408 of the

tariff act of July 24, 1897, at thirty-five per cent. ad valorem, or at forty-five per cent. ad valorem under paragraph 193.

The collector assessed them at the latter rate. The petitioner protested. Upon submission of the protest to the board of general appraisers that board sustained the collector. Its decision was successively affirmed by the Circuit Court and the Circuit Court of Appeals. 146 Fed. Rep. 63.

The applicable paragraphs are respectively as follows: 408, "Beads of all kinds not threaded or strung, thirty-five per centum ad valorem;" 193, "Articles or wares not specially provided for in this act, composed wholly or in part of metal, and whether wholly or partly manufactured, forty-five per cent. ad valorem." There is no dispute about the character of the articles. They are metal beads strung on cotton cords or strings. They cannot, therefore, be said to be beads "not threaded or strung," which paragraph 408 makes dutiable at thirty-five per cent., if the words of that paragraph be taken literally. But it is contended that the construction of that paragraph is dependent upon the use to which the beads are put and the purpose on account of which they are strung. It is contended, and the contention is supported by the testimony, that the beads are used in the manufacture of purses, for the embroidery of cushions and dresses, never for personal adornment, and that they are strung or threaded in bunches for the purpose of facilitating transportation, and hence, in contemplation of the statute, loose beads. To this argument the Circuit Court of Appeals of the Seventh Circuit yielded. *United States* v. *Beuttner,* 133 Fed. Rep. 163. It did not prevail, however, with the Circuit Court of Appeals of the Second Circuit in the case at bar nor in a prior case. *In re Steiner,* 79 Fed. Rep. 1003. Notwithstanding this conflict in the Circuit Courts of Appeal, the case is in such narrow compass that an extended discussion is not necessary. It may be that the stringing of the beads has but a temporary purpose. We, however, are not at liberty to disregard the condition upon which the law makes the duty depend. Indeed, the considerations expressed by the board of appraisers

makes it certain that the language of paragraph 408 was deliberately used to apply only to beads actually loose. This view is supported by the testimony as well. It was testified that prior to 1897 the terms threaded and strung beads were familiar in the importing trade, and that beads strung on "threads for temporary use were commercially known at that time as strung beads." And it was further testified that there was an increase in value over unstrung beads from fifteen to twenty per cent. on account of the labor attached to stringing.

*Judgment affirmed.*

MR. JUSTICE MOODY took no part in the decision of this case.