## BOGLE v. UNITED STATES (No. 20).[1]

MARMALADE AND JAMS.

   Marmalade and berry jam are not jellies but sweetmeats, and were dutiable as such under paragraph 263, tariff act of 1897.

United States Court of Customs Appeals, January 5, 1911.

APPEAL from decision of the United States Circuit Court for the Southern District of New York (T. D. 30167; 175 Fed. Rep., 889; T. D. 28428).

   [Affirmed.]

   B. A. Levett for appellants.

   D. Frank Lloyd, Assistant Attorney General (Wm. A. Robertson on the brief), for the United States.

          Before MONTGOMERY, HUNT, SMITH, BARBER, and DE VRIES, Judges.

HUNT, Judge, delivered the opinion of the court:

Bogle & Scott and John Duncan's Sons, appellants, imported certain marmalade and berry jams into the United States at New York. The collector assessed duty at 1 cent per pound and 35 per cent ad valorem, under paragraph 263 of the tariff act of 1897.

Paragraph 263 is as follows:

Comfits, sweetmeats, and fruits preserved in sugar, molasses, spirits, or in their own juices, not specially provided for in this act, one cent per pound and thirty-five per centum ad valorem; if containing over ten per centum of alcohol and not specially provided for in this act, thirty-five per centum ad valorem and in addition two dollars and fifty cents per proof gallon on the alcohol contained therein in excess of ten per centum; jellies of all kinds, thirty-five per centum ad valorem; pineapples preserved in their own juice, twenty-five per centum ad valorem.

The importers were dissatisfied, and upon review by the Board of General Appraisers, and thereafter by the United States Circuit Court for the Southern District of New York, the action of the collector was sustained.

The contention of the importers is that the goods are dutiable under paragraph 263, as jellies, at 35 per cent ad valorem, or under paragraph 262, as edible fruits prepared in any manner, at 2 cents per pound, or under section 6, at 20 per cent ad valorem, as nonenumerated manufactured articles.

Paragraph 262 reads as follows:

Apples, peaches, quinces, cherries, plums, and pears, green or ripe, twenty-five cents per bushel; apples, peaches, pears, and other edible fruits, including berries, when dried, desiccated, evaporated or prepared in any manner, not specially provided for in this act, two cents per pound; berries, edible, in their natural condition, one cent per quart; cranberries, twenty-five per centum ad valorem.

The record shows that, after hearing a number of witnesses, the Board of Appraisers were of the opinion that jelly, as covered by paragraph 263, consists merely of the juice of the fruit mixed with

---

[1] Reported in T. D. 31188 (20 Treas. Dec., 34).

sugar, the same being cooked together to bring it to the right taste and consistency. Marmalade, in the opinion of the board, did not correspond to this description, but was rather a sweetmeat or fruit preserved in sugar. The board also held that the berry jams were properly assessed under the provision in paragraph 263 providing for sweetmeats and fruits preserved in sugar.

Murray's English dictionary defines marmalade as—

a preserve or confection made by boiling fruits (originally quinces, now usually Seville oranges) with sugar, so as to form a consistent mass.

The evidence shows that in the manufacture of marmalade the whole fruit is boiled excepting the seed or fiber pulp that is contained around the juices or cells; that is eliminated. The flavor of marmalade is described as bittersweet. Marmalade is not a jelly, for the reason that a jelly is a preparation of the juice of fruit, thickened into a soft, stiff, homogeneous consistence, and usually semitransparent. That is to say, the marked difference between marmalade and jelly is that the one is made with the fruit itself boiled, while the other is made from the juice of the fruit. Witnesses of long experience in the manufacture and sale of marmalades, jellies, and preserved fruits of all kinds recognize the distinction already pointed out, and say that marmalade is not bought and sold as a jelly; that it is known as having the pulp of the fruit in it, while jelly is the fruit juice strained to remove the fruit particles. Thus we have a case where the uniform and generally accepted meaning of words and well-understood trade meanings harmonize with substantial unity.

We need not dwell upon the argument of the appellants that marmalade is not properly a fruit preserved in sugar, as included in section 263 (supra), for it is so clearly a sweetmeat that we can well rest our decision upon a finding that it should be classified accordingly. The Century Dictionary defines a sweetmeat as "fruit preserved with sugar, either moist or dry; a conserve; a preserve; usually in the plural." The fact that there is a bittersweet taste to marmalade does not exclude it from the definition of a sweetmeat any more than would ginger boiled in sugar be excluded from within that term. And that ginger so treated is a sweetmeat has already been decided by this court in R. M. Delapenha & Co. *v.* United States (supra, p. 113, T. D. 31116.)

Much of what we have just said applies to the jams involved in the present case. They are not jellies, but are conserves of fruit prepared by boiling the fruits with sugar to a pulp. While we think jams might well be called fruits preserved in sugar (Habicht *v.* United States, supra, p. 10, T. D. 30772), or preserves, under the weight of the evidence they are so clearly sweetmeats, and therefore subject to the same rates of duty imposed upon fruits preserved in sugar, that it

becomes unimportant to analyze the testimony of one of the witnesses who attempted to make a distinction between fruits preserved and fruit preserve.

The decision of the Circuit Court, affirming the decision of the board, is *affirmed.*