UNITED STATES *v.* SHELDON & Co. *et al.* (No. 1372).[1]

PROOF OF COMMERCIAL DESIGNATION.

The merchandise consists of the pulp and juice of the currant, preserved, presumably, in sirup or molasses. This is not a jelly in fact, and while the board found it to be commercially known as jelly, there was no proof of commercial designation. The collector's assessments, in the absence from the record of evidence to controvert it, must be sustained.—United States *v.* Oberle (1 Ct. Cust. Appls., 527; T. D. 31545).

United States Court of Customs Appeals, June 1, 1914.

APPEAL from Board of United States General Appraisers, Abstract 34779 (T. D. 34186). [Reversed.]

*William L. Wemple,* Assistant Attorney General (*Charles E. McNabb,* assistant attorney, of counsel; *Samuel Isenschmid,* special attorney, on the brief), for the United States.

Submitted on record by appellee.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

BARBER, Judge, delivered the opinion of the court:

The merchandise involved in this appeal was invoiced as bar-le-duc red currants and was assessed at 1 cent per pound and 35 per cent ad valorem under paragraph 274 of the tariff act of 1909 as preserved fruit. This assessment was protested by the importers, who described the merchandise in the protests in the same language employed for that purpose in the invoice and claimed that it was dutiable as jellies at 35 per cent ad valorem under the same paragraph.

At the hearing before the board the importers called no witnesses. One, an examiner of merchandise at the port of Chicago, testified on behalf of the Government. On direct examination he said that prior to June, 1908, the merchandise, although not a jelly, was labeled "bar-le-duc jelly" and allowed to be sold that way; that since June, 1908, the United States Department of Agriculture had refused to allow the merchandise to go on the market labeled as a jelly and that since 1908 it had been labeled "bar-le-duc." Upon

---

[1] Reported in T. D. 34555 (26 Treas. Dec., 1015).

cross-examination he testified that the merchandise was identical in character with that covered by Abstract 31794 (T. D. 33291). Upon this record the Board of General Appraisers sustained the protests.

In its opinion the board states among other things that—

This commodity has been before the board and the courts heretofore, and has been held, by reason of its commercial designation, to be jelly, the fact at the same time being recognized that it is not a true jelly. Citing T. D. 23848 and Abstract 31794 (T. D. 33291).

The board further said:

We think that under the circumstances of this case we are warranted in presuming, it not clearly appearing to the contrary, that commercial designation having been previously shown and acted upon by the courts, it would be presumed to continue. Again citing Abstract 31974 (T. D. 33291).

The Government appeals, and argues the case here upon its brief. The importer submits upon the record.

The importers here were not parties to the cases cited by the board. The testimony we have heretofore mentioned is the substance of all that is relevant in this case.

The merchandise at bar consists, as set forth in the invoice and protests and as shown by the official exhibits, of the pulp and juice of the currant preserved presumably in sirup or molasses.

This is not jelly in fact. Bogel v. United States (1 Ct. Cust. Appls., 144; T. D. 21188); Meyer v. United States (3 Ct. Cust. Appls., 247; T. D. 32565).

The collector has assessed the merchandise for duty in accordance with its condition in fact and his action is presumed to be correct until otherwise shown.

The board has sustained the protests upon the view that although not jelly in fact the merchandise under consideration was nevertheless commercially known as jelly.

It is well settled that commercial designation must be established by proof and that the burden is upon him who asserts it. It is not a matter of judicial cognizance. United States v. Goldberg (3 Ct. Cust. Appls., 282; T. D. 32573) and cases there cited. ·

We have, therefore, for review a judgment declaring that an article not jelly in fact is nevertheless commercially known as jelly, with no proof of such commercial designation except such as was within the cognizance of the Board of General Appraisers in another case or cases, the record of which is not before us for consideration.

This brings the case within the ruling of United States v. Oberle (1 Ct. Cust. Appls., 527; T. D. 31545) in which we held that—

It seems unnecessary to say where a decision is rested upon a record or records in which the crucial point in the issue is one of commercial designation or any other probative fact, and these records are not a part of the record before this court, there is not before the court sufficient testimony to sustain the finding of the board.

The judgment of the Board of General Appraisers is *reversed*.