## HELLER & SON *v.* UNITED STATES (No. 2375).[1]

1. CONSTRUCTION, PARAGRAPH 1403, TARIFF ACT OF 1922—"IMITATION PEARL BEADS."

The provision of paragraph 1403, tariff act of 1922, for "imitation pearl beads of all kinds and shapes, of whatever material composed, strung or loose, mounted or unmounted" is broad enough to cover all kinds of imitation pearl beads.

2. BEADS LOOSELY STRUNG.

The provision of paragraph 1403, tariff act of 1922, for imitation pearl beads strung or loose, does not mean that they must be *permanently strung.* Such beads loosely strung for transportation only are included; and they are not classifiable under paragraph 218 as miscellaneous glass or paste articles, or under paragraph 230 as miscellaneous glass or paste manufactures.

United States Court of Customs Appeals, November 22, 1924

APPEAL from Board of United States General Appraisers, G. A. 8738 (T. D. 39994)

[Affirmed.]

*Comstock & Washburn* (*George J. Puckhafer* of counsel) for appellants.
*William W. Hoppin,* Assistant Attorney General (*Charles D. Lawrence,* special attorney, of counsel), for the United States.

[Oral argument October 21, 1924, by Mr. Puckhafer and Mr. Lawrence]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

SMITH, Judge, delivered the opinion of the court:

Imitation pearl beads loosely strung for facility in transportation only imported at the port of New York, were classified by the collector

---

[1] T. D. 40521.

of customs as imitation pearl beads, strung or loose, mounted or unmounted. The importation was therefore assessed for duty at 60 per cent ad valorem under that part of paragraph 1403 of the act of 1922, which reads as follows:

PAR. 1403. * * * imitation pearl beads of all kinds and shapes, of whatever material composed, strung or loose, mounted or unmounted, 60 per centum ad valorem.

The importers protested that the merchandise was not imitation pearl beads strung or loose, mounted or unmounted, and that the goods were either dutiable at 55 per cent ad valorem under paragraph 218, as articles not specially provided for composed wholly or in chief value of glass or paste, or dutiable at 50 per cent ad valorem under parapraph 230 as manufactures not specially provided for and composed in chief value of glass or paste. The parts of paragraph 218 and 230 relied upon by the importers are as follows:

PAR. 218. * * * articles of every description not specially provided for composed wholly or in chief value of glass or paste, * * * 55 per cent ad valorem.

PAR. 230. * * * All glass or manufacturers of glass or paste, or of which glass or paste is the component material of chief value, not specially provided for, * * * 50 per cent ad valorem.

The Board of General Appraisers overruled the protest and the importers appealed.

The provision in the tariff act for imitation pearl beads of all kinds and shapes, of whatever material composed, strung, loose, mounted or unmounted, is broad enough to cover all kinds of imitation pearl beads.

The importers' contention that the beads are loosely strung and that therefore they are neither *strung* beads nor *loose* beads is not well founded.

In the case of the United States *v.* Buettner (133 Fed. 163, 164), it was held by the Circuit Court of the Seventh Circuit that beads strung for the purposes of packing and transportation were beads not threaded or strung and were of the same class as loose beads packed in pasteboard boxes or other containers.

In Frankenberg *v.* United States (146 Fed. 63), the Circuit Court of Appeals for the Second Circuit declined to follow the decision of the Circuit Court of the Seventh Circuit and adhering to a former ruling made by it, decided that beads temporarily strung on thin cheap cotton thread for transportation only were not beads unthreaded or unstrung within the meaning of paragraph 440 of the act of 1890, leaving it to the Supreme Court to determine which of the conflicting constructions was correct.

On certiorari the Supreme Court held that the construction put by the Circuit Court for the Second Circuit upon the designation

"beads unthreaded or unstrung" was correct and that the beads were strung beads and not loose beads or beads unthreaded or unstrung.—Frankenberg v. United States (206 U. S. 224).

Congress in paragraph 421 of the act of 1909 and in paragraph 333 of the act of 1913, did, as contended by the importers, specially provide for "imitation pearl beads not threaded or strung or strung loosely on threads for facility in transportation only." That provision, however, simply imposed on loosely strung beads the same duty that was imposed on beads not threaded or strung and did not, as argued by counsel for the appellant, remove from the category of strung beads, beads strung loosely for transportation. Neither act provided for "strung beads," and in the absence of such a designation the laying of a duty on "loosely strung beads," a particular class of *strung beads*, can not be regarded as creating a tariff entity different from "strung beads" or as evidencing a legislative intent to classify loosely strung beads as "unstrung." The fact that Congress in paragraph 1403 enumerated "beads *strung* or *loose*, mounted or unmounted" and did not mention "beads loosely strung" far from sustaining importers' position confirms the view that Congress did not intend to exclude loosely strung beads from the designation "strung beads."

Under the decision of the Supreme Court in the Frankenberg case, supra, beads whether permanently or temporarily strung are strung beads, and we must therefore hold that the importation was dutiable as assessed.

The judgment of the Board of General Appraisers is *affirmed*.