UNITED STATES *v.* JULES RAUNHEIM (INC.) ET AL. (NO. 3252)[1]
JULES RAUNHEIM (INC.) ET AL. *v.* UNITED STATES (NO. 3254)

United States Court of Customs and Patent Appeals, February 6, 1930

*Charles D. Lawrence*, Assistant Attorney General (*Ralph Folks*, special attorney, of counsel), for the United States.

*Curie, Lane & Wallace* (*Thomas M. Lane* of counsel) for Jules Raunheim (Inc.) et al.

[Oral argument December 11, 1929, by Mr. Folks and Mr. Lane]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

LENROOT, Judge, delivered the opinion of the court:

The question in this case is whether certain "small, drilled pearls, temporarily strung on silk or cotton strings," are dutiable as beads at 35 per centum ad valorem under paragraph 1403 of the Tariff Act of 1922, as assessed by the collector, or, as claimed in the protests, at 10 per centum or 20 per centum ad valorem under paragraph 1429, or at 10 per centum or 20 per centum ad valorem under paragraph 1459 of said act.

[1] T .D. 43867.

The United States Customs Court sustained the protests, holding that the merchandise was properly dutiable at 20 per centum ad valorem under said paragraph 1429.

Both parties have appealed to this court, the Government contending that the classification made by the collector and assessment of duty at 35 per centum ad valorem under paragraph 1403 was correct, or that the merchandise should have been dutiable as jewelry, finished or unfinished, at 80 per centum ad valorem under paragraph 1428 of said act. The importers' appeal assigns error in not finding the merchandise dutiable at 10 per centum or 20 per centum ad valorem under the provisions of paragraph 1459.

For the purpose of our discussion we shall refer to the Government as the appellant and the importers as the appellees.

The paragraphs of the Tariff Act of 1922 here in issue are as follows:

Par. 1403. Spangles and beads, including bugles, but not including beads of ivory or imitation pearl beads and beads in imitation of precious or semiprecious stones, 35 per centum ad valorem; * * *.

Par. 1428. Jewelry, commonly or commercially so known, finished or unfinished, of whatever material composed, valued above 20 cents per dozen pieces, 80 per centum ad valorem; * * *.

Par. 1429. Diamonds and other precious stones, rough or uncut, and not advanced in condition or value from their natural state by cleaving, splitting, cutting, or other process, whether in their natural form or broken, any of the foregoing not set, and diamond dust, 10 per centum ad valorem; pearls and parts thereof, drilled or undrilled, but not set or strung, 20 per centum ad valorem; diamonds, coral, rubies, cameos, and other precious stones and semiprecious stones, cut but not set, and suitable for use in the manufacture of jewelry, 20 per centum ad valorem; * * *.

There is also involved paragraph 1460, commonly termed the similitude paragraph, the pertinent provisions of which read as follows:

Par. 1460. That each and every imported article, not enumerated in this Act, which is similar, either in material, quality, texture, or the use to which it may be applied to any article enumerated in this Act as chargeable with duty, shall pay the same rate of duty which is levied on the enumerated article which it most resembles in any of the particulars before mentioned; and if any non-enumerated article equally resembles two or more enumerated articles on which different rates of duty are chargeable, there shall be levied on such nonenumerated article the same rate of duty as is chargeable on the article which it resembles paying the highest rate of duty; * * *. If two or more rates of duty shall be applicable to any imported article, it shall pay duty at the highest of such rates.

The Government contends that the question here in issue was directly involved in the case of *United States* v. *Andrews*, 15 Ct. Cust. Appls. 412, T. D. 42589, and that the decision in that case should control the decision in the case at bar, the facts being identical in both cases.

Appellees concede that the merchandise involved in the *Andrews* case, *supra,* and that in the case at bar are identical, but urge a reconsideration of the conclusions reached in the *Andrews* case for the reason that in that case no brief was filed by the appellee in this court, no testimony of those familiar with the pearl trade was taken, and many important authorities bearing upon the question involved were not there brought to the attention of this court.

In view of the importance of the question involved, we have carefully considered whether the opinion in the *Andrews* case should be modified or overruled.

The lower court made six findings of fact, as follows:

(1) These are real pearls, temporarily strung, for facility in transportation, security, and for convenience in appraisement and examination.

(2) They are not jewelry, but rather materials out of which jewelry may be made.

(3) Long-continued practice from January 12, 1905, to about January, 1928, in classifying pearls temporarily strung under the provisions in the tariff acts of 1897, 1909, 1913, and 1922, for "pearls in their natural state, not strung or set" (1897); and "pearls and parts thereof, drilled or undrilled, but not set or strung" (1909, 1913, and 1922).

(4) Pearls like those in question, temporarily strung, are not designated by the pearl trade as "pearls, strung," but as hanks or bunches of pearls; that "strung pearls" means jewelry to the dealer.

(5) Real pearls in the condition of those in question are not designated by the wholesale pearl trade, nor the bead trade, as beads, or pearl beads; that what are called pearl beads in the trade are always imitation pearls.

(6) The putting up of these pearls in hanks or bunches does not enhance their value or advance them in condition in the slightest degree, and that in their strung condition they are not worth any more than loose pearls.

We hold that the testimony supports all of such findings except findings (4) and (5). As to these, the testimony is not sufficient to establish commercial designation of the words "pearls, strung," different from the common meaning, nor does it establish that the commercial meaning of the word "beads" is different from the common meaning, as that common meaning has heretofore been defined by this court. Therefore, we accept said findings (1), (2), (3), and (6), but do not accept findings (4) and (5).

The first question is whether the merchandise here in issue is included in the phrase found in paragraph 1429, "pearls and parts thereof, drilled or undrilled, but not set or strung."

The Government contends that, it being established that the pearls here in issue were strung on silk or cotton strings, they are excluded from said paragraph 1429 by the natural and ordinary construction of the phrase and by the decisions of the Supreme Court of the United States and of this court. Appellees, on the other hand, contend that the phrase "pearls and parts thereof, drilled or undrilled, but not set or strung," means not permanently strung, and that the pearls in issue, being temporarily strung, are included in paragraph

1429. They further contend that this is the construction given to said phrase, and similar language in previous tariff acts, in administrative practice over a period of 23 years, or from 1905 until the decision of this court in the *Andrews* case, rendered in 1928.

In *United States* v. *Andrews Co., supra,* this court said:

> If, then, pearls are not, within the meaning of paragraph 1429, to be considered as precious stones, what kinds of pearls and imitation pearls are covered by the paragraph? First: Pearls and parts thereof, drilled or undrilled, not set or strung, at 20 per centum. The pearls before us are not within such classification, for they are strung. *Frankenberg Co.* v. *United States,* 206 U. S. 224.

If the *Frankenberg* case has decided, as stated in the language quoted, that pearls temporarily strung are not within the classification of "pearls * * * not set or strung," it disposes of this case so far as this particular question is concerned, for the law as declared by the Supreme Court of the United States is the law of the land until changed by the legislative department of the Government, and is binding upon all. In that case the language under consideration was "Beads of all kinds, not threaded or strung, thirty-five per centum ad valorem," this being a part of paragraph 408 of the Tariff Act of 1897. In its opinion the court said:

> There is no dispute about the character of the articles. They are metal beads strung on cotton cords or strings. They can not, therefore, be said to be beads "not threaded or strung," which paragraph 408 makes dutiable at thirty-five per cent., if the words of that paragraph be taken literally. But it is contended that the construction of that paragraph is dependent upon the use to which the beads are put and the purpose on account of which they are strung. It is contended, and the contention is supported by the testimony, that the beads are used in the manufacture of purses, for the embroidery of cushions and dresses, never for personal adornment, and that they are strung or threaded in bunches for the purpose of facilitating transportation, and hence, in contemplation of the statute, loose beads. To this argument the Circuit Court of Appeals of the Seventh Circuit yielded. *United States* v. *Beuttner,* 133 Fed. Rep. 163. It did not prevail, however, with the Circuit Court of Appeals of the Second Circuit in the case at bar nor in a prior case. *In re Steiner,* 79 Fed. Rep. 1003. Notwithstanding this conflict in the Circuit Courts of Appeal, the case is in such narrow compass that an extended discussion is not necessary. It may be that the stringing of the beads has but a temporary purpose. We, however, are not at liberty to disregard the condition upon which the law makes the duty depend. Indeed, the considerations expressed by the board of appraisers makes it certain that the language of paragraph 408 was deliberately used to apply only to beads actually loose.

It will be observed from the language above quoted that it was the word "strung" which was construed in the opinion and the word "threaded' is referred to only incidentally. The decision of the board of appraisers referred to in the opinion is found in 144 Fed. 704, and it there appears that the board held that—

> In our opinion the intent of Congress was expressed in unambiguous language, and that, both within the letter and the intent of the lawmakers, only loose beads were provided for in paragraph 408 at 35 per centum ad valorem.

The decision of the Supreme Court was rendered on May 13, 1907.

Appellees attempt to avoid the controlling force of this decision by the claim that it was shown that the beads there in question were commercially known as strung beads, and quote the following language from the opinion to sustain such claim:

Indeed, the considerations expressed by the board of appraisers makes it certain that the language of paragraph 408 was deliberately used to apply only to beads actually loose. This view is supported by the testimony as well. It was testified that prior to 1897 the terms threaded and strung beads were familiar in the importing trade, and that beads strung on "threads for temporary use were commercially known at that time as strung beads." And it was further testified that there was an increase in value over unstrung beads from fifteen to twenty per cent on account of the labor attached to stringing.

But it will be observed that the decision of the court was not based upon the foregoing considerations. It arrived at its conclusion from the language of the statute itself, unaided by testimony of commercial understanding. It said:

It may be that the stringing of the beads has but a temporary purpose. We, however, are not at liberty to disregard the condition upon which the law makes the duty depend.

It then adds the language quoted by appellees, not as the basis of its decision, but in further support of a conclusion already reached upon the language of the statute itself.

Appellees further contend that the construction of the words "beads, strung," does not necessarily apply to the phrase "pearls, strung"; but in the case of *United States* v. *Citroen*, 223 U. S. 407, the construction of the phrase "pearls set or strung" was directly involved. In that case, valuable pearls had been imported, matched for a necklace, and actually strung and worn as such abroad before importation. They were imported, however, without string or clasp, and the Government contended that inasmuch as they had been previously strung, they should be classified as "pearls set or strung," under paragraph 434 of the Tariff Act of 1897. The court held otherwise, and in its opinion said:

In the paragraph as to jewelry (434) Congress expressly defined what pearls were to be included. The paragraph reads, "including * * * pearls set or strung." It does not say pearls that can be strung, or that are assorted or matched so as to be suitable for a necklace, but pearls "set or strung." We are not concerned with the reason for the distinction; it is enough that Congress made it. Had these pearls never been strung before importation, no one would be heard to argue that they fell directly within the description of paragraph 434 because they could be strung, or had been collected for the purpose of stringing or of being worn as a necklace. Loose pearls—however valuable the collection—however carefully matched or desirable for a necklace—are not "pearls set or strung."

Nor can it be said that pearls, imported unstrung, are brought within the description of paragraph 434 because, at some time, or from time to time, previous to importation, they have been put on a string temporarily for purposes

of display. The paragraph does not use a generic definition which could be deemed to define pearls previously strung, though imported unstrung, but refers—*in terms which shelter no ambiguity*—to their condition when imported. * * * It is idle to comment on the relative value of a string to hold the pearls, for this is immaterial. *The statute has furnished the test and we are not at liberty to make another.* [Italics ours.]

While the question at issue in said case was whether pearls imported loose, but which had been previously strung, could be classified as "pearls, strung," the reasoning of the court upon which its conclusion was based applies equally to the case at bar. The court said in that case that the intention of Congress was expressed "in terms which shelter no ambiguity" and "The statute has furnished the test and we are not at liberty to make another." Both of these statements apply with full force to the question now before us.

Finally, upon this branch of the case, appellees contend that—

According to administrative practice based upon judicial interpretation, the provision for pearls "not strung" has included pearls temporarily strung for at least twenty-three years and under every tariff act that has provided for such pearls. This interpretation and practice is presumed to have been legislatively adopted.

In support of this contention the case of *T. Jefferson Coolidge*, T. D. 25966, G. A. 5892, is cited, in which it was held by the then Board of General Appraisers in 1905 that pierced pearls strung on cotton cords in bunches were not dutiable as jewelry within the phrase "pearls set or strung," but were dutiable by similitude at the rate applicable to "pearls in their natural state, not strung or set," under paragraph 436 of the Tariff Act of 1897; and appellees assert, and the lower court has expressly found, that the practice of the Treasury Department from the *Coolidge* case, *supra*, to the *Andrews* case, *supra*, a period of 23 years, was to regard pearls such as are here in question as "not strung" within the meaning of the various tariff acts.

Should this administrative practice control the decision in this case and cause us to overrule the decision in the *Andrews* case?

We would first observe that the decision in the *Coolidge* case was based wholly upon the commercial meaning of the words "pearls not strung." The opinion in that case states:

* * * the evidence shows that the pearls in this case were not strung *as understood by the jewelry trade*. [Italics ours.]

There is nothing in the record to indicate that the subsequent practice of the department was not also based upon the commercial understanding of the words "pearls not strung."

Furthermore, the opinion shows that the board relied upon a provision in paragraph 434 of the Tariff Act of 1897 as strengthening its conclusion. That paragraph was the jewelry paragraph in that act and contained the phrase "pearls set or strung." This phrase is

not contained in the Tariff Act of 1922, here under consideration, nor is it found in any tariff act since the act of 1897.

It is a familiar rule that long-established administrative practice is determinative only when the meaning of the statute is doubtful. *Pittsburgh Plate Glass Co.* v. *United States*, 2 Ct. Cust. Appls. 389, T. D. 32162. The Supreme Court of the United States has expressly held that a similar statute, subject to the same construction, is not ambiguous or doubtful. *Frankenberg* v. *United States, supra; United States* v. *Citroen, supra.* Therefore, an administrative practice in plain violation of the terms of the statute can not be urged as determining the construction that should be given to it.

But there is another reason why the *Coolidge* case and the practice under it can not be held to control the decision of the case at bar. As we have shown, that case was decided upon the commercial meaning of the term, presumably different from the common meaning. It has been expressly held by this court that there is no presumption of commercial designation continuing from one tariff act to another. *Draeger Shipping Co.* v. *United States*, 15 Ct. Cust. Appls. 454, T. D. 42644; *United States* v. *Sheldon & Co.*, 5 Ct. Cust. Appls. 371, T. D. 34555; *Knauth, Nachod & Kuhne* v. *United States*, 6 Ct. Cust. Appls. 128, T. D. 35389; *Draeger Shipping Co.* v. *United States*, 13 Ct. Cust. Appls. 419, T. D. 41341.

Furthermore, it may be observed that the decision of the Supreme Court in *Frankenberg* v. *United States, supra,* was rendered in May, 1907, within two years after the decision of the General Appraisers in the *Coolidge* case, *supra,* and the common meaning of the words "strung beads" or "strung pearls" became established from that time.

We hold that the pearls here in question were strung, and therefore excluded from classification under paragraph 1429.

The Government contends that the proper classification of the pearls is under paragraph 1428 as jewelry, finished or unfinished. The opinion in the *Andrews* case, *supra,* discusses this question at length, and it is there clearly shown that the pearls here in question can not be classified under that paragraph. It is also there shown that they can not be properly classified under paragraph 1429 as "precious and semiprecious stones, cut but not set, and suitable for use in the manufacture of jewelry," even though they are to be used in the manufacture of jewelry. Pearls are not included in the words "precious and semiprecious stones," as used in that paragraph.

There remains for consideration the application of paragraph 1459 to the pearls here in question as nonenumerated articles, and paragraph 1403, under which they were classified by the collector. It is, of course, clear that paragraph 1459 is not applicable if the pearls are "beads" within the meaning of paragraph 1403.

In the *Andrews* case, *supra*, genuine pearls similar to those here in issue were held to be beads and dutiable under the first clause of paragraph 1403. In the opinion in that case it was said:

It has long since been noted by the Supreme Court that genuine pearls, if drilled, might be and were recognized, in a tariff sense, as beads. *United States* v. *Morrison*, 179 U. S. 456.

Appellees call our attention to the fact that while the statement above quoted is literally correct, the fact is that in May, 1879, the Government, by T. D. 3995, reversed its position, owing to a decision of the Federal court, and instructions were given in said Treasury decision to thereafter classify genuine pearls strung on a thread as "pearls not set," and not as beads.

An examination of the decision upon which this ruling was based discloses that the tariff act under which the duties were levied provided for "all beads and bead ornaments, except amber, fifty per centum" (Revised Statutes, 1878, p. 473), and for "diamonds, cameos, mosaics, gems, pearls, rubies, and other precious stones, when not set, 10 per centum ad valorem." It was conceded in the decision referred to that the pearls there in question were temporarily strung but not set. The court held that they were dutiable as pearls not set. It also held that the testimony showed that the merchandise was commercially known as pearls and that in the custom of the trade the term "beads" was inapplicable to it.

It is clear to us that this decision and the subsequent action of the Treasury Department were right. The word "pearl" is more specific than the word "bead," and as the statute had specifically provided for "pearls not set," the pearls there in issue could not be classified under the more general term of "beads."

The fact is, however, that the common meaning of the word "bead" is broad enough to include pearls. Webster's New International Dictionary contains the following definition of a bead:

A little perforated ball to be strung on a thread, and used for ornament.

Funk & Wagnalls New Standard Dictionary contains the following definition of bead:

A little perforated sphere, ball, cylinder, or the like, usually on a thread or attached to a fabric for decoration.

In Notes on Tariff Revision, 1909, prepared for the use of the Committee on Ways and Means, House of Representatives, on page 551, the following is found:

Beads are defined as small perforated ornaments, generally of a round shape, and made of glass, but also of gold, silver and other metals, paste, coral, *gems*, etc. [Italics ours.]

It is clear that the pearls here in issue respond to these definitions of beads and should be classified under paragraph 1403 unless there be some other clearly and more specifically expressed intention of Congress.

In the case of *American Bead Co.* v. *United States*, 7 Ct. Cust. Appls. 19, T. D. 36259, this court had under consideration the construction of paragraph 333 of the Tariff Act of 1913, the predecessor of paragraph 1403 of the act of 1922 here under consideration. Said paragraph 333 was as follows:

Beads and spangles of all kinds, including imitation pearl beads, not threaded or strung, or strung loosely on thread for facility in transportation only, 35 per centum ad valorem; curtains, and other articles not embroidered nor appliquéd and not specially provided for in this section, composed wholly or in chief value of beads or spangles made of glass or paste, gelatin, metal, or other material, 50 per centum ad valorem.

The court said of this paragraph:

The court views that it was intended as an exhaustive provision as to its subject matter (1) beads and spangles, (2) articles composed wholly and in chief value of beads and spangles, only to be invaded by some other clearly and more specifically expressed intention of Congress.

This language is equally applicable to paragraph 1403 of the present law. Having found that the pearls here in question come within the common meaning of beads, and having found that they are excluded from paragraphs 1428 and 1429 by the language of these paragraphs, and there being no other paragraph which more specifically describes them, it follows that they should be classified and held dutiable under the first clause of paragraph 1403, and the assessment of the collector should have been sustained. Paragraph 1459, of course, can not be invoked as against paragraph 1403 under our construction of said last-named paragraph.

Finally, it is contended by appellees that if the pearls are not enumerated directly as pearls "not set or strung" they are dutiable by similitude at the same rate as such pearls.

There are two answers to this contention. First, paragraph 1460 applies only to articles not enumerated in the act. As we have held that the pearls are included within the term "beads" under paragraph 1403, they are enumerated, and there is no room for the application of paragraph 1460. Second, the use of the words "Pearls * * * not set or strung" in paragraph 1429 expressly excludes the pearls here in question from classification by similitude under that paragraph. *United States* v. *Hermanos & Co., Sucrs.*, 9 Ct. Cust. Appls. 66, T. D. 37491.

Inasmuch as we adhere to our ruling in the *Andrews* case, *supra*, we might have been content to have disposed of this case by reversing the court below, simply stating that it was governed by the *Andrews* case. However, counsel for appellees having earnestly and with much ability contended that the *Andrews* case should be overruled, and the court below being of the same opinion, we have expressed our views at length.

The decision of the Customs Court is *reversed*.