KENNEDY & SONS *v.* UNITED STATES (No. 2382).[1]

CONSTRUCTION, PARAGRAPH 1446, TARIFF ACT OF 1922—HOLY WATER FONTS—
"ARTICLES OF RELIGIOUS DEVOTION."
Paragraph 1446, tariff act of 1922, by its provision for "Rosaries, chaplets, and similar articles of religious devotion," does not include *all* articles of religious devotion, but only such as are, *similar to rosaries and chaplets.* Fonts for containing holy water, even conceding that the font and not the water is the article of religious devotion, are not similar. Being of decorated china, they were properly classified accordingly under paragraph 212.

United States Court of Customs Appeals, November 4, 1924

APPEAL from Board of United States General Appraisers, Abstract 46973

[Affirmed.]

*Walter E. Hampton* for appellants.
*William W. Hoppin,* Assistant Attorney General (*Oscar Igstaedter,* special attorney, of counsel), for the United States.

[Oral argument October 15, 1924, by Mr. Hampton and Mr. Hoppin]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges.

BLAND, Judge, delivered the opinion of the court:

The imported merchandise involved in this case was by the collector assessed for duty at 70 per cent under paragraph 212, act of 1922, as decorated china, and it is contended by the importers that it should have been classified under paragraph 1446 of the act of 1922. The two competing paragraphs read as follows:

PAR. 212. China, porcelain, and other vitrified wares, including chemical porcelain ware and chemical stoneware, composed of a vitrified nonabsorbent body which when broken shows a vitrified or vitreous, or semivitrified or semivitreous fracture, and all bisque and parian wares, including clock cases with or without movements, plaques, pill tiles, ornaments, toys, charms, vases, statues, statuettes, mugs, cups, steins, lamps, and all other articles composed wholly or in chief value of such ware, plain white or plain brown, not painted, colored, tinted, stained, enameled, gilded, printed, or ornamented or decorated in any manner, and manufactures in chief value of such ware not specially provided for, 60 per centum ad valorem; painted, colored, tinted, stained, enameled, gilded, printed, or ornamented or decorated in any manner, and manufactures in chief value of such ware not specially provided for, 70 per centum ad valorem: * * *

PAR. 1446. Rosaries, chaplets, and similar articles of religious devotion, of whatever material composed (except if made in whole or in part of gold, silver, platinum, gold plate, silver plate, or precious or imitation stones), valued at not more than $1.25 per dozen, 15 per centum ad valorem; valued at more than $1.25 per dozen, 30 per centum ad valorem; any of the foregoing, if made in whole or in part of gold, silver, platinum, gold plate, silver plate, or precious or imitation precious stones, 50 per centum ad valorem.

---

[1] T. D. 40489.

There is no conflict in the testimony and both sides are agreed as to what the testimony shows. It shows that the merchandise consists of holy-water fonts; that they were imported from Germany and were used for the purpose of containing holy water in the. church and at the home; that the holy water is blessed before it is put in the font and that the font is blessed before it is used. The water is used in Catholic. services on entering and leaving the church and homes. A member of the Catholic Church blesses himself with the holy water and says a prayer with it. There is no testimony that the fonts have any other purpose than to hold the water, which water is used in connection with the blessing and the prayers. All rosaries and chaplets are composed of beads and each bead means a prayer; rosaries and chaplets are carried about the person. The fonts in their imported state had not been blessed and such fonts are not used in connection with religious devotion until blessed. They were of china and were hand decorated.

The question is here squarely presented as to whether the holy-water fonts of decorated china are dutiable under paragraph 212 as china decorated, or under paragraph 1446 as "similar articles of religious devotion of whatever material composed" when read in connection with rosaries and chaplets.

We doubt if our decision can be written in more concise, accurate, and appropriate language than was used by General Appraiser Adamson, who wrote the decision of the Board of General Appraisers in this case in which. he said:

* * * According to the witness and the dictionary, rosaries and chaplets are very similar and are used for similar purposes, and they are made of material entirely different to chinaware used in constructing fonts and used for entirely different purposes. The paragraph does not provide for all religious articles but for only such religious articles as are similar to rosaries and chaplets. Even if the merchandise consisted of articles of religious worship, they are not such articles as are similar to rosaries and chaplets, either in component material, shape, or use.

. The importers urge that the font is similar to rosaries and chaplets for the reason that it is used in or associated with religious worship. It is not contended by them that they are similar in form, material or specific use. Under point I the importers state that "the tariff act of 1922 intended recognition and treatment of things devoted to and associated with religious worship," and then argue from this standpoint that they should be classified under paragraph 1446.

Paragraph 1446 states: "Rosaries, chaplets, and *similar* articles *of religious devotion*." (Italics not quoted.) If the statute read "rosaries, chaplets and articles devoted to and associated with religious worship," then there might be something in the importers' contention, but it will be noted that Congress said, "*of religious devotion*."

Rosaries and chaplets are by the paragraph treated as articles of religious devotion and there is justification for the conclusion that the water in the font is an article of religious devotion, but we doubt if the container holding the water would be any more an article of religious devotion than would a box or container containing the rosary. It is urged that the water fonts should be classified with rosaries and chaplets for the reason that the proof shows that there are no other articles used in the Roman Catholic Church as articles of religious worship, except the holy-water font. We doubt the truth of this assertion, but regardless of this, however, what is an article of religious devotion in the Roman Catholic Church is not the test. An article of religious devotion similar to rosaries and chaplets whether it is used by the Buddhists, Confucianists, or whatever religious sect and not otherwise conflicting with the paragraph would fall under it.

A crucifix carried about the person and used in connection with the rosary, or an image of Buddha carried about the person, might be regarded as articles similar to rosaries and chaplets and articles of religious devotion. It was incumbent upon the importers to show that their importation was similar to rosaries and chaplets. This we do not think they have done.

The cases cited in appellants' brief, Brennan *v.* United States (136 Fed. 743), United States *v.* American Bead Co. (7 Ct. Cust. Appls. 132; T. D. 36456), and Smith and Co. *v.* United States (5 Ct. Cust. Appls. 40; T. D. 34007), have no bearing on the law applicable to this case.

It is contended by the importers that the board's decision reasons from the letter and not from the spirit of the statutes involved, and they ask for the broad and liberal construction indulged in by the Supreme Court of the United States in the Holy Trinity Church case (143 U. S. 457).

There the court was construing the statute forbidding the immigration of aliens into this country under contract to perform labor or service of any kind. The court conceded that the rector was under contract and that his relation to the church was one of service, and implied labor on the one side and compensation on the other. The court said:

We can not think Congress intended to denounce with penalties a transaction like that in the present case. It is a familiar rule that a thing may be within the letter of the statute and yet not within the statute, because not within its spirit, nor within the intention of its makers.

When the language used by Congress is plain and unambiguous, this court knows of no way of arriving at their intention or of ascertaining the spirit of the enactment other than by giving the words used their plain and ordinary meaning, unless it be shown that such

words are used in a special or technical sense.    We hold that to do otherwise is to legislate.    It may be true that there is just as much reason for giving a lower rate of duty to holy-water fonts as there is for so treating rosaries and chaplets.    But, if so, the legislative body can say so, and we must conclude that since they did not say so they did not intend for holy-water fonts to be classified under paragraph 1446.

The judgment of the Board of General Appraisers is *affirmed.*