UNITED STATES v. CLOSSON Co. (No. 2398).[1]

CONSTRUCTION, PARAGRAPH 1446, TARIFF ACT OF 1922—CRUCIFIXES—ROSARIES—CHAPLETS.

By not mentioning crosses and crucifixes in paragraph 1446, tariff act of 1922, providing for "Rosaries, chaplets, and similar articles of religious devotion," Congress intended that they should not be included. Crucifixes inspire prayer and religious devotion, whereas rosaries and chaplets are designed to keep a record of the prayers said. Crucifixes are not, therefore, similar to rosaries and chaplets; and their classification as articles of brass under paragraph 399 was correct.

[1] T. D. 40669.

## United States Court of Customs Appeals, February 4, 1925

APPEAL from Board of United States General Appraisers, Abstract 47072

[Reversed.]

*William W. Hoppin,* Assistant Attorney General (*William H. Futrell,* speciaı attorney, of counsel), for the United States.
*Comstock & Washburn* (*J. Stuart Tompkins* of counsel) for appellee.

[Oral argument Nov. 13, 1924, by Mr. Hoppin and Mr. Tompkins]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

SMITH, Judge, delivered the opinion of the court:

Crucifixes 5½ inches in length made of brass and resting on a brass base 5½ inches long by 2½ inches wide, on which base are two standing figures of brass, were classified by the collector as articles of metal and assessed for duty at 40 per cent ad valorem under that part of paragraph 399 of the act of 1922 which reads as follows:

PAR. 399. .Articles * * * if composed wholly or in chief value * * * of brass; * * * 40 per centum ad valorem.

The importer protested that the goods were articles of religious devotion similar to rosaries and chaplets, and that they were dutiable at 30 per cent ad valorem under that part of paragraph 1446 of the act of 1922 which reads as follows:

PAR. 1446. Rosaries, chaplets, and similar articles of religious devotion, of whatever material composed * * * valued at not more than $1.25 per dozen, 15 per centum ad valorem.

The Board of General Appraisers sustained the protest and the Government appealed.

The cross has long been honored as a religious symbol not only by Christians, but by pagans as well. In Egypt and Assyria the "swastika" and the "crux ansata" were emblems of earthly life and the creative powers of nature. Among Christians from the earliest times the cross has typified the spiritual and eternal life. The crucifix is a cross bearing the image of Christ crucified and is designed to remind those looking upon it of the sufferings and death of the Saviour for the salvation of mankind, thereby inciting religious devotion.

The primary purpose of rosaries and chaplets is not to excite religious devotion by appeals to the memory. Rosaries and chaplets are used by Catholics and beads by the Brahmins and Mohammedans to keep count of the prayers which religious discipline and religious tenets require believers to repeat.

In brief, the cross and crucifix inspire prayer and religious devotion, whereas rosaries, chaplets, and beads of other kinds are designed to keep a reckoning of the prayers said. Crosses, crucifixes, rosaries,

and chaplets are all sacred articles in the sense that they are dedicated to a religious use, but the religious use of the one is not the religious use of the other and they are therefore not similar articles.

Congress was perfectly aware that crosses and crucifixes were used as religious articles in religious devotions and its failure to mention them in paragraph 1446 must be construed as a legislative intent to exclude them from the paragraph.

The judgment of the Board of General Appraisers is *reversed.*

### CONCURRING OPINION

BLAND, Judge: I concur in the result of the decision in this case for the reason that the crucifixes are not similar articles of religious devotion to rosaries and chaplets. I can not disabuse my mind of the fact that when Congress wrote paragraph 1446, it regarded rosaries and chaplets as articles of religious devotion. At least, I think they have impliedly said so in the paragraph.

The crucifixes under consideration were not similar to rosaries and chaplets either in form or use. Rosaries and chaplets are frequently carried continuously on the person, and are by many carried on the person only to and from worship. As is well stated in the opinion of Judge Smith, they are used to keep count of prayers, and do not play the same part in religious devotion as do other objects. But there are other important differences. The crucifixes under consideration could not be worn on the person, and would hardly be carried to worship. In my judgment, they play a very small part in religious devotion, and are more in the nature of mantel ornaments revered and enjoyed chiefly by members of the Catholic Church.