BENZIGER BROS. *v.* UNITED STATES (No. 2758)[1]

CONSTRUCTION, PARAGRAPH 1446, TARIFF ACT OF 1922—CRUCIFIXES—RO-
    SARIES—CHAPLETS.
    By not mentioning crosses and crucifixes in paragraph 1446, Tariff Act of 1922, providing for "rosaries, chaplets, and similar articles of religious devotion," Congress intended that they should not be included. Crucifixes inspire prayer and religious devotion, whereas rosaries and chaplets are designed to keep a record of the prayers said. Crucifixes are not, therefore, similar to rosaries and chaplets, and are not classifiable with them. *United States* v. *Closson Co.*, 12 Ct. Cust. Appls. 470.

United States Court of Customs Appeals, November 19, 1926

APPEAL from Board of United States General Appraisers, G. A. 9097, T. D. 41389

[Affirmed.]

*Comstock & Washburn (John Giblon Duffy* and *Geo. J. Puckhafer* of counsel) for appellant.

*Charles D. Lawrence,* Assistant Attorney General (*Reuben Wilson,* special attorney, of counsel), for the United States.

---

[1] T. D. 41883.

[Oral argument October 21, 1926, by Mr. Puckhafer and Mr. Lawrence]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

BARBER, Judge, delivered the opinion of the court:

Certain crucifixes, the typical samples of which were found by the board to measure in length one and one-fourth, one and one-half, and one and three-fourths inches, respectively, constitute the imported merchandise. Each crucifix has attached to the top a small ring by which it might be fastened to the person, to a rosary, or to other things. Base metal is the component material of chief value. These crucifixes are sometimes referred to in the record as crosses which, manifestly, they are not, one difference between a crucifix and a cross being that the former has the figure of Christ represented thereon while the latter has not.

They were assessed for duty at the appropriate rate provided in paragraph 399 of the Tariff Act of 1922.

Importer does not challenge the correctness of the assessment under that paragraph if the merchandise is not properly classifiable under the provisions of paragraph 1446 under which it claims. That paragraph provides as follows:

Rosaries, chaplets, and similar articles of religious devotion, of whatever material composed * * *.

Importer protested the collector's assessment which, upon hearing by the Board of General Appraisers, now the United States Customs Court, was overruled, although the board expressed the belief that the merchandise was within the provision for "similar articles of religious devotion" as that term is used in paragraph 1446. It felt constrained, however, by reason of the decision of this court in *United States* v. *Closson Co.*, 12 Ct. Cust. Appls. 470, to overrule the protest. The issue, therefore, is under which of the two paragraphs the merchandise is dutiable. If the crucifixes are articles of religious devotion similar to rosaries and chaplets, the protest should be sustained.

A similar question was fully considered in the Closson case and does not require an exhaustive review here. In that case it was held in substance that the primary purpose of rosaries and chaplets was not to incite religious devotion but that they were designed to keep a reckoning of the prayers said.

The common meaning of the words "rosary" and "chaplet" as applied to articles used in religious exercises, according to lexicographers, is a string of beads used for keeping count of the prayers which are said by those who use them, and that is the meaning recognized by this court. *United States* v. *Malhami & Co.*, 7 Ct. Cust. Appls. 175; *Kennedy & Sons* v. *United States*, 12 Ct. Cust. Appls. 347; *United States* v. *Closson, supra.*

The crucifixes in this case as imported are not attached to rosaries or chaplets and, as shown by the evidence of record, are not used and it is not claimed could be used for keeping a count of the prayers said by the user.

Importer introduced some evidence tending to show that the *primary* object or purpose of rosaries and chaplets as used in the Roman Catholic Church is to incite religious devotion and that the *secondary* object or purpose thereof is to keep a count of the prayers said therein.

We are not inclined to the view that this evidence can be allowed to change the ordinary meaning of the words "rosaries" or "chaplets" as used in the statute. The use of such articles is not limited to the church of Rome nor is there anything to indicate that paragraph 1446 is to be construed as relating only to articles used by the communicants or adherents of that church. The suggestion of the Board of General Appraisers that no effect can be given to the term "similar articles of religious devotion" in paragraph 1446, unless it is construed to cover the merchandise here, is not, if conceded, of compelling force. Congress has plainly limited the paragraph to rosaries, chaplets, and *similar* articles of religious devotion and, unless it is affirmatively shown that an article is such, it can not be classified thereunder.

As was well said by Smith, Judge, speaking for the court in the *Closson* case:

Congress was perfectly aware that crosses and crucifixes were articles used in religious devotions and its failure to mention them in paragraph 1446 must be construed as a legislative intent to exclude them from the paragraph.

The crucifixes here are undoubtedly articles which incite religious devotion, but how it can be said that they are similar to rosaries and chaplets, the main purpose of which is, as those words are commonly understood, to aid the memory in keeping a count of the number of prayers said, we are unable to understand.

To sustain the contention of importer would result in adopting a view taken by the Treasury Department in T. D. 41357, cited by importer, to the effect that the paragraph should be construed as if it provided for "rosaries, chaplets, and articles of religious devotion." Such interpretation entirely disregards the word "similar" and would, if adopted by us, be a clear invasion of the rule that judicial tribunals are not authorized to legislate.

The judgment below is *affirmed.*

BLAND, Judge, dissents.