BRIER MFG. CO. *v.* UNITED STATES (No. 4179) [1]

United States Court of Customs and Patent Appeals, October 31, 1938

*Walden & Webster* (*J. L. Klingaman* of counsel) for appellant.
*Webster J. Oliver*, Assistant Attorney General (*Richard H. Welsh*, special attorney, of counsel), for the United States.

[Oral argument October 4, 1938, by Mr. Klingaman and Mr. Oliver]

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, and LENROOT, Associate Judges

LENROOT, Judge, delivered the opinion of the court: [2]

This appeal brings before us for review a judgment of the United States Customs Court, Second Division, Judge Tilson dissenting,

---

[1] C. A. D. 17
[2] JACKSON, Judge, took no part in the consideration or decision of this case.

overruling two protests of appellant against the action of the collector at the port of New York in the classification and assessment with duty of certain rosaries imported by appellant in 1936.

The involved merchandise was assessed for duty at 30 per centum ad valorem under the last clause of paragraph 1544 of the Tariff Act of 1930 as rosaries made in whole or in part of imitation precious stones. The said duty of 30 per centum was by virtue of a reciprocal trade agreement with France, T. D. 48316, 69 Treas. Dec. 853, in which the rate of duty was reduced from 50 per centum to 30 per centum. Said trade agreement is not in issue in this appeal.

Appellant claimed that said rosaries were properly dutiable at 15 per centum ad valorem under the first clause of said paragraph 1544 as rosaries of the kind therein mentioned, valued at less than $1.25 per dozen.

Said paragraph 1544 reads as follows:

PAR. 1544. Rosaries, chaplets, and similar articles of religious devotion, of whatever material composed (except if made in whole or in part of gold, silver, platinum, gold plate, silver plate, or precious or imitation precious stones), valued at not more than $1.25 per dozen, 15 per centum ad valorem; valued at more than $1.25 per dozen, 30 per centum ad valorem; any of the foregoing if made in whole or in part of gold, silver, platinum, gold plate, silver plate, or precious or imitation precious stones, 50 per centum ad valorem.

The only testimony in the case is that of a witness for the appellant, one Frank A. McCarthy, who testified that he had been an examiner at the port of New York for twenty years; that the involved rosaries were appraised at not over $1.25 per dozen, and were not made in whole or in part of gold, silver, platinum, gold plate or silver plate, but that they were made in part of beads. Upon cross-examination the witness testified as follows:

X Q. Mr. McCarthy, what would you say your advisory classification of this merchandise was based upon?—A. As beads in imitation of precious stones due to the fact that the beads manufactured in these rosaries consist of beads in imitation of emerald, imitation sapphire, and imitation ruby, which are known as precious stones, and they are under the provision in paragraph 1544 for imitation precious stones.

Appellant's counsel stated that he did not dispute that the beads forming a part of the rosaries were in imitation of precious or semi-precious stones.

Samples of the involved rosaries were introduced in evidence by appellant and marked Collective Exhibit 1.

But one question is involved in this appeal, viz, whether rosaries made in part of beads which imitate precious stones should be classified as rosaries made in whole or in part of imitation precious stones, under the latter part of said paragraph 1544.

The trial court answered this question in the affirmative; in its decision it is stated:

On this record counsel for the plaintiff in their brief filed herein contend that because the imitation precious stones are in the form of beads, it may not be said that the present rosaries are made in whole or in part of imitation precious stones. They cite in support of such contention the case of *United States* v. *Morrison*, 179 U. S. 456, wherein the United States Supreme Court held that under the Tariff Act of 1890 beads resembling imitation precious stones were properly dutiable as manufactures of glass and not as imitation precious stones. From this it is argued that the Congress, in framing paragraph 1446 of the Tariff Act of 1922 and paragraph 1544 of the Tariff Act of 1930 (both identical in language), must have had in mind the above cited decision of the Supreme Court.

It should be noted, however, that when that decision was rendered neither the tariff act then in force nor any tariff act prior to that of 1922 contained any specific or *eo nomine* provision for rosaries as such. Therefore, the only issue involved in that case, and in the earlier decisions of the United States Court of Customs Appeals cited in the brief of counsel for the plaintiff was the proper dutiable classification of beads as against imitations of precious stones. Hence, in our opinion such cases have no application to the question involved herein.

The trial court further stated that this question had been decided by the Customs Court adversely to the contentions made by appellant here in the case of *Theo L. Stern & Co.* v. *United States*, T. D. 41197, G. A. 9060, 48 Treas. Dec. 380, where the same question arose under paragraph 1446 of the Tariff Act of 1922, which paragraph was identical with paragraph 1544 of the Tariff Act of 1930; that said decision was rendered prior to the enactment of the Tariff Act of 1930. After quoting from said decision the trial court in the instant case said:

We know of no reason for not adhering to said decision in determining the tariff status of the present rosaries. The fact that the Congress repeated in paragraph 1544 of the 1930 act the identical language of paragraph 1446 of the 1922 law is at least presumptive evidence that it knew of our above-cited unappealed decision on the specific subject of rosaries which involved the precise question here presented.

Imitation precious stones are provided for in paragraph 1528 of said tariff act here involved, and beads in imitation of precious stones are provided for in paragraph 1503.

It is appellant's contention that, in view of the fact that Congress has provided for "beads in imitation of precious or semiprecious stones" in paragraph 1503 and for "imitation precious stones" in paragraph 1528, when it used one of these same terms, namely "imitation precious stones" in paragraph 1544, it must be presumed to have used it in the same sense as in paragraph 1528, which would exclude beads imitating precious stones; that the Supreme Court in the case of *United States* v. *Morrison*, 179 U. S. 456, cited by the trial court as above quoted, having held that beads imitating precious stones were not dutiable as imitation precious stones, and Congress having

in every tariff act enacted since the rendition of said decision made a distinction between beads and imitation precious stones, there has been legislative adoption of judicial decision by our highest court that beads of imitation precious stones are not dutiable as imitation precious stones; that the trial court was in error in holding that there had been legislative adoption of its decision in the case of *Stern & Co.* v. *United States, supra,* for the reason that such decision was contrary to the decision of the Supreme Court that beads in imitation of precious stones were not dutiable as "imitation precious stones."

However, the dutiable status of beads in imitation of precious stones is not here involved, but the question is, are rosaries made in whole or in part of beads imitating precious stones dutiable under paragraph 1544 as rosaries made in whole or in part of imitation precious stones?

We are frank to say that, were any article other than rosaries here involved, made in whole or in part of beads imitating precious stones, we might come to a conclusion different than we have here reached.

It is elementary that the master rule of construction of tariff statutes is so to interpret them as to carry out the legislative intent in their enactment; that where the language employed is not ambiguous, considering all relevant provisions of a tariff act, the statute must be construed without regard to the legislative history of the enactment. However, whether or not a given term in a tariff statute is ambiguous must be determined from the connection in which it is used and a consideration of the entire statute in which the term is found. *Charles Hardy, Inc.* v. *United States,* 21 C. C. P. A. (Customs) 173, T. D. 46509.

Funk & Wagnalls New Standard Dictionary defines "rosary" as follows:

1. A string of beads for keeping reckoning or count of devotions, as among the Mohammedans, Buddhists, and certain bodies of Christians; also, a similar string worn on the person for ornament or for fingering in pastime. 2. *R. C. Ch.* (1) Specif., a string of beads used in devotions for counting a specific series of prayers, each bead having the name of the prayer it represents, the aves being signified by small beads, and the paternoster and gloria by a large one.

Webster's New International Dictionary defines "rosary" as follows:

* * * 3. A string of beads as used in many Oriental countries to assist in counting, esp. in counting prayers. 4. *R. C. Ch.* A series of prayers to be recited in order; also, a string of beads used in counting prayers.

Upon the subject of the common meaning of the word "rosary" this court, in the case of *Benziger Bros.* v. *United States,* 14 Ct. Cust. Appls. 270, T. D. 41883, stated as follows:

The common meaning of the words "rosary" and "chaplet" as applied to articles used in religious exercises, according to lexicographers, is a string of beads used for keeping count of the prayers which are said by those who use them, and that is the meaning recognized by this court. * * * [citing cases].

The provision for rosaries *eo nomine* first appeared in the Tariff Act of 1922 (paragraph 1446). In Summary of Tariff Information 1921, prepared for use of the Finance Committee of the Senate, we find on page 1192 the following:

ROSARIES, CHAPLETS, ETC.

*Description and uses.*—A rosary as used in religious worship is a series of beads strung on a metal chain in combination with a flat metal piece of diversity in design together with a cross. The smaller rosaries are sometimes known as chaplets. The beads are made of a variety of materials—wood, glass, metal, bone, etc.—and the cross is usually composed of metal.

It will thus be observed that according to the common meaning of the word "rosary" it is an article composed primarily of a string of beads, and Congress was legislating with reference to beads made into an article devoted to a religious purpose. Therefore the Senate had before it a description of rosaries and their uses furnished by the Tariff Commission. The bill, H. R. 7456, which became the Tariff Act of 1922, as it passed the House, did not contain the provision here in question, "if made in whole or in part of * * * imitation precious stones," but this provision was inserted in the bill in the Senate.

Clearly the term *rosaries* should be construed according to its common meaning, and paragraph 1544 should therefore have the same construction as if, instead of the use of the term *rosaries*, the language had been "strings of beads used in religious worship." Had this been done, we think it clear that the language subsequently used in the paragraph, "if made in whole or in part of * * * imitation precious stones" would have been ambiguous, and it would not clearly appear whether Congress intended that the rule laid down in *United States* v. *Morrison, supra,* that no beads could be considered for tariff purposes as imitation precious stones, should apply, or whether it intended that if the beads themselves were composed of imitation precious stones the rosaries should be subject to the duty imposed in the latter part of the paragraph. Of course we must assume that it would be possible to use in a rosary imitation precious stones that were not in themselves beads—but we think the very nature of the article raises a doubt that cannot be resolved without the aid of legislative history, as to what Congress intended by the use of the language here involved. Otherwise stated, a doubt exists as to whether Congress intended to include in the latter part of the paragraph, in addition to rosaries in whole or in part of the metals therein named, only such rosaries as contained imitation precious stones not in the form of beads, or whether the intention was to include also in such provision rosaries in which the only imitation precious stones present were the beads themselves.

We therefore feel that it is proper to examine the legislative history of paragraph 1544 to aid us in its construction, insofar as the particular question here involved is concerned.

As hereinbefore stated, the provision here under consideration was inserted in the bill (H. R. 7456) as an amendment of paragraph 1444, which later became paragraph 1446 of the Tariff Act of 1922.

In the Summary of Tariff Information, *supra*, following the description of rosaries hereinbefore quoted, we find the following:

*Production.*—The value of rosaries produced in the United States is not shown in official statistics. Practically all of the rosaries made in this country are composed of precious metal, or of precious metal in combination with *beads of semiprecious or imitation precious stones.* [Italics ours.]

As passed by the House of Representatives the rosary paragraph read as follows:

PAR. 1444. Rosaries, chaplets, and similar articles of religious devotion, of whatever material composed, valued at not more than $1.25 per dozen, 15 per centum ad valorem; valued at more than $1.25 per dozen, 30 per centum ad valorem.

Before the Finance Committee of the Senate a brief was filed by rosary manufacturers in the United States, which brief proposed that said rosary paragraph, as passed by the House, be amended to read as follows:

Rosaries and chaplets, of whatever material composed, valued at not more than $1.25 per dozen, 15 per centum ad valorem; valued at more than $1.25 per dozen, 30 per centum ad valorem; any of the foregoing if made in whole or in part of gold, silver, gold plate, silver plate, precious or imitation precious stones, 50 per centum ad valorem.

In suggesting the adoption of this paragraph the following language was used in the brief:

In conclusion and in conformity with the facts as herein set forth we respectfully submit the following as a rosary paragraph which will cover all rosaries, yet at the same time give protection to the domestic manufacturer and will not contain a clause or phrase capable of defeating the intent of Congress as indicated in various paragraphs of the act:

A brief was also filed in behalf of importers and dealers in rosaries, from which we quote:

*Domestic manufactures.*—According to the best information available, the only rosaries made in the United States are those composed of precious metal or of precious metal in combination with *beads of semiprecious or imitation precious stone.* [Italics ours.]

Paragraph 1544 of the Tariff Act of 1930 is identical with paragraph 1446 of the Tariff Act of 1922, and said paragraph 1446 is in all its essentials the same as the paragraph proposed by the American manufacturers of rosaries, above quoted.

There is nothing in the legislative history with respect to the enactment of paragraph 1544 of the Tariff Act of 1930 that indicates that Congress intended that said paragraph 1544 should have any different construction than paragraph 1446 of the Tariff Act of 1922, but on the contrary the legislative history of the two paragraphs is in entire harmony.

In the Summary of Tariff Information 1929, page 2115, after quoting paragraph 1446 of the Tariff Act of 1922, under the heading "Decisions" reference is made to T. D. 41197 (*Stern & Co.* v. *United States*, 48 Treas. Dec. 380, decided in 1925), which held that rosaries composed in part of beads made in imitation of precious stones were dutiable under the last provision of said paragraph 1446. In that case the Customs Court relied in part upon the legislative history of paragraph 1446, hereinbefore set out.

From all the foregoing we are convinced that in the enactment of paragraph 1544 and its predecessor, paragraph 1446 of the Tariff Act of 1922, Congress intended to include in the latter part of said paragraphs rosaries made in whole or in part of beads imitating precious stones, notwithstanding the decision of the Supreme Court in *United States* v. *Morrison, supra*, that beads made in imitation of precious stones were not dutiable as imitation precious stones under a previous tariff act.

Furthermore, we think the fact that the attention of Congress was called to the case of *Stern & Co.* v. *United States, supra*, and yet paragraph 1544, *supra*, was enacted in the identical language of paragraph 1446 of the Tariff Act of 1922, is strongly indicative that the construction given by the Customs Court to paragraph 1446 in the *Stern & Co.* case was, in the opinion of Congress, correct.

We would further observe that the provision under consideration reads "* * * if made in whole or in part of * * * imitation precious stones."

While the provision "if made in whole or in part" is a very common one in tariff statutes, and should not be construed too literally, we think it is entitled to some weight as indicating that Congress contemplated that a rosary could be made principally out of imitation precious stones, and we cannot conceive of a rosary made principally of imitation precious stones not in the form of beads, for it is the beads which characterize the article, without which it could not be a rosary.

In view of our holding with respect to the ambiguity of paragraph 1544 in the particulars hereinbefore discussed, it is unnecessary for us to discuss a number of cases relied upon by appellant which would be relevant if there were not ambiguity present in paragraph 1544.

It follows from what we have said that, in our opinion, the judgment appealed from should be, and it is *affirmed*.

GARRETT, Presiding Judge, concurs in the conclusion.