BEFORE THE SECOND DIVISION, FEBRUARY 26, 1948

**No. 52199.**—Ajax Findings Co. *v.* United States, protest 127800–K (New York).

TILSON, Judge: This suit relates to the proper classification of rosaries which were classified by the collector as being made in part of silver plate and duty was assessed thereon at the rate of 30 percent ad valorem under paragraph 1544 and T. D. 48316. The plaintiff claims:

* * * that said merchandise is properly dutiable either at 15 per centum ad valorem under the provisions of par. 1554, Tariff Act of 1930, as—

Rosaries, chaplets, and similar articles of religious devotion of whatever material composed (except if made in whole or in part of gold, silver, platinum, gold plate, silver plate, or precious or imitation precious stones) valued at not more than $1.25 per dozen.

OR, dutiable at 20 per centum ad valorem, under the provisions of par. 1558 of the act as—

* * * an article manufactured in whole or in part, not specially provided for.

It is the contention of the plaintiff that the imported merchandise is not rosaries because it lacks a heart and a cross and is therefore dutiable at only 20 percent under said paragraph 1558. This contention finds a complete and negative answer in the cases of *Benziger Bros.* v. *United States*, 14 Ct. Cust. Appls. 270, and *United States* v. *Malhami & Co.*, 7 Ct. Cust. Appls. 175.

Therefore, considering the imported merchandise as rosaries, we must determine whether or not it is made in whole or in part of silver or silver plate. On this phase of the case the only witness who testified was a United States chemist employed in the customs laboratory at New York who stated in substance that a quantitative analysis of a sample of the imported merchandise showed that the silver contained in the rosary was seventeen one-hundredths of 1 percent based upon the weight of the entire article, consisting of the chain and the frutilla seeds, or fifty-seven one-hundredths of 1 percent based upon the weight of the chain alone. This testimony stands uncontradicted.

Based upon the above testimony, plaintiff contends that this case is controlled by the legal maxim *de minimis non curat lex*. This contention of the plaintiff is answered completely and in the negative by the case of *Cosmos Textile Corp.* v. *United States*, 21 C. C. P. A. 124 and the case of *Varsity Watch Co.* v. *United States*, 34 C. C. P. A. 155. The following is quoted from the *Varsity Watch Co.* case:

\* \* \* The record fairly shows, and there is not much dispute upon the question, that a small quantity of the metal, gold, formed a very thin gold plating on the bezels of the watch cases when imported, and the record also shows that the quantity is so small (the bezels are very small, particularly those which are designed to contain ladies' wrist watch movements) that it was difficult to obtain a quantitative analysis and that more than one bezel was used in the tests made by the Government chemist who testified for appellant, and that then the quantity obtained was so small that when placed upon a glass it was a mere speck.

\*    \*    \*    \*    \*    \*    \*

It is our view that Congress intended, in the two controverted provisions, to embrace therein all *metallic* watch cases and to put the higher rate of duty upon those cases which were in part of gold, no matter how small, if it served such a purpose as is disclosed by the instant record, and that in the provision, "If of base metal (and not containing gold \* \* \*)," it meant exactly what it said, that the case had to be a base metal case, and that *it must not contain any gold.*

Upon a full consideration of the record and based upon the authorities cited, all claims of the plaintiff are overruled.

Judgment will be rendered accordingly.