BEFORE THE FIRST DIVISION, APRIL 30, 1959

No. 63004.—Whittemore Associates, Inc. *v.* United States, protest 309045–K (Boston).

OLIVER, Chief Judge: The merchandise in this case consists of a silver chain, 16 inches in length, with a small decorated cross attached thereto (plaintiff's exhibit 1). Plaintiff's catalog (plaintiff's exhibit 2) identifies the item under the general heading, "CROSS PENDANTS WITH CHAIN," and with the description, "No. 4611. Decorated Cross. Imported from Holland. 1″ x ½″. Sterling silver. 16″ chain."

The merchandise was classified as jewelry and was assessed with duty at the rate of 55 per centum ad valorem under the provisions of paragraph 1527(a) of the Tariff Act of 1930, as modified by T.D. 51802, which, so far as pertinent, read as follows:

1527(a) (1) and (2). Jewelry, commonly or commercially so
   known, finished or unfinished (including parts thereof) :
      Composed wholly or in chief value of gold or platinum, or
      of which the metal part is wholly or in chief value of gold
      or platinum_____ 40% ad val.
      All other, of whatever material composed, valued above 20
      cents per dozen pieces_____ 55% ad val.,
                                              \* \* \*

Plaintiff claims classification for the merchandise under the residuary provision in paragraph 397 of the Tariff Act of 1930, as modified by T.D. 52373, supplemented by T.D. 52476, for articles composed wholly or in chief value of silver, not specially provided for, and dutiable at 25 per centum ad valorem.

The president of the plaintiff corporation stated that he has been dealing in religious supplies for 36 years, that plaintiff handles any kind of equipment "that the church wants, but nothing beyond that," and that the shipment in question

is the first importation of the item under consideration. He testified that the article in question is worn as a necklace, that it is "the average size that we have for the young people" (R. 8), including children over 10 years of age, and that he has sold it "mostly to clergy and to Sunday school students and other people in that they were buying them for gifts to give to children mostly in the church or church school."

The pastor of the First Lutheran Church in Boston also appeared on behalf of plaintiff. He stated that he became familiar with the merchandise in question by seeing it on display by plaintiff. He never purchased the particular item under consideration, but his church or church school purchased similar merchandise. He testified that such articles "were presented to children as an award for faithful attendance" at "Church school and the church service" (R. 14), and that the awards were made to instill a feeling of religious devotion in the child. Asked whether he considered this merchandise an article of personal adornment, the witness stated that "it's a very special type of adornment." (R. 16.)

Plaintiff's claim is based on the premise that the use of the decorated cross, in the article under consideration, removes the present merchandise from classification as jewelry. To support the contention, counsel for plaintiff, in his brief, cites a line of cases wherein certain articles having religious significance were held to be classifiable according to the component material of chief value. *United States* v. *Closson Co.*, 12 Ct. Cust. Appls. 470, T.D. 40669 ; *Benziger Bros.* v. *United States*, 14 Ct. Cust. Appls. 270, T.D. 41883 ; *F. Pustet & Co.* v. *United States*, 8 Treas. Dec. 485, T.D. 25709 ; *J. A. Jacques* v. *United States*, 8 Treas. Dec. 498, T.D. 25716 ; *R. F. Gorman* v. *United States*, 52 Treas. Dec. 538, Abstract 3646. All of the cited cases are distinguishable from the present issue as the following references to each disclose.

The *Closson Co.* and *Benziger Bros.* cases, *supra*, involved metal crucifixes that were assessed with duty as manufactures of metal, not specially provided for, under paragraph 399 of the Tariff Act of 1922. Plaintiffs claimed classification for the merchandise under the provision for "Rosaries, chaplets, and similar articles of religious devotion" in paragraph 1446 of the Tariff Act of 1922. In rejecting that claim in the two cited cases, the appellate court recognized that crucifixes, rosaries, and chaplets are dedicated to a religious use, but such use of the one is not the religious use of the other, and they are, therefore, not similar articles. The *R. F. Gorman* case, *supra*, was controlled by the *Benziger Bros.* case referred to. In the issue before us herein, the competing provisions present no question of similarity. Hence, the reasoning followed in the cited cases has no application in this case.

The *F. Pustet & Co.* case, *supra*, involved "certain Catholic medals, composed, respectively, of precious and base metals." They were assessed with duty as jewelry and claimed to be dutiable according to the component material of chief value. Upon a finding that "the medals in question were not designed for nor used as ornaments, being rarely, if ever, exposed to view when worn," the merchandise was held not to be jewelry, as classified, but dutiable as articles of metal, as claimed. The same conclusion was reached in the *J. A. Jacques* case, *supra*, with respect to certain crucifixes with rings fitted at the top that were attached to rosaries and worn "in unexposed positions by Sisters of certain religious communities." In each of the last two cited cases, the merchandise, as well as the factual situation, was different from what is before us in the present case. Hence, neither the *F. Pustet & Co.* case nor the *J. A. Jacques* case has application herein.

Whether or not an article is commonly or commercially known as jewelry, "is a matter to be decided in accordance with the facts in each particular case," *United States* v. *Doragon*, 13 Ct. Cust. Appls. 182, T.D. 41051. It is also well settled that the classification of merchandise as jewelry "depends largely upon the articles themselves and the use to which they are put," *United States* v. *Heinrich Herrmann & Weiss*, 30 C.C.P.A. (Customs) 47, C.A.D. 213.

The article before us in this case is a necklace, with a decorated cross as the pendant. If some form or shape, other than a cross, had been used as a pendant, there would be no dispute that this merchandise is jewelry. That a decorated cross has been used as a pendant, does not *ipso facto* remove the necklace from the category of jewelry. The appearance of the cross may serve to attach religious significance to the wearer of the necklace, but, basically, the article, itself, is one of ornamentation. Plaintiff's witness characterized it as a "very special type of adornment." The bright silver chain with the decorated cross imparts to the complete necklace sufficient ornamental character to bring it within the provision in paragraph 1527(a)(1), as amended, *supra*, for "Jewelry, commonly or commercially so known, finished or unfinished."

"The law is well settled that the classification by the collector and his official acts are presumptively correct" (*McKesson & Robbins, Inc.* v. *United States*, 27 C.C.P.A. (Customs) 157, C.A.D. 77), and it is equally "well established that the collector is presumed to have found every fact to exist that was necessary to sustain his classification" (*E. I. du Pont de Nemours & Co.* v. *United States*, 27 C.C.P.A. (Customs) 146, C.A.D. 75). Under those principles, the collector's action herein carries a presumption that the article in question is jewelry within the statutory requirements of the term.

It is "fundamental in customs law that when the classification of the collector is, challenged, the dual burden of proving that such classification is incorrect and that its own claimed classification is correct, rests upon the importer." *Yardley & Co., Ltd., et al.* v. *United States*, 41 C.C.P.A. (Customs) 85, C.A.D. 533. On the basis of the present record, plaintiff has failed to sustain its burden. Accordingly, we hold the merchandise in question to be properly classifiable as jewelry under paragraph 1527(a)(1), as modified, *supra*, as assessed by the collector.

The protest is overruled and judgment will be rendered accordingly.