BEFORE THE FIRST DIVISION, APRIL 20, 1960

No. 64090.—Mercury United Advertising Corp. v. United States, protest 59/4161 (Galveston).

OLIVER, Chief Judge: The merchandise involved in this protest is identified herein as "St. Christopher Key Chains containing water from the River Jordan." Duty was levied thereon at the rate of 35 per centum ad valorem under the provision in paragraph 1527(c)(2) of the Tariff Act of 1930, as modified, for articles designed to be carried on or about the person. Plaintiff claims that the merchandise should be admitted free of duty as religious articles.

An agreed set of facts upon which the case was submitted merely show that the "said Key Chains were not sold for profit," but were "disposed of as donations and gifts to the religious faith."

Plaintiff's claim is without merit. First of all, there is no provision in the free list of the tariff act for religious articles. Free entry is allowed certain ar-

ticles under the provisions of paragraphs 1773 and 1774 of the Tariff Act of 1930, which, so far as pertinent, read as follows:

PAR. 1773. Statuary and casts of sculpture for use as models or for art educational purposes only; regalia and gems, where specially imported in good faith for the use and by order of any society incorporated or established solely for religious, * * * purposes, * * *; but the term "regalia" as herein used shall be held to embrace only such insignia of rank or office or emblems as may be worn upon the person or borne in the hand during public exercises of the society or institution, and shall not include articles of furniture or fixtures, or of regular wearing apparel, nor personal property of individuals.

PAR. 1774. Altars, pulpits, communion tables, baptismal fonts, shrines, or parts of any of the foregoing, and statuary (except casts of plaster of Paris, or of compositions of paper or papier-mache), imported in good faith for presentation (without charge) to, and for the use of, any corporation or association organized and operated exclusively for religious purposes.

Clearly, the key chains in question are not classifiable under either of the foregoing paragraphs.

Paragraph 1544 of the Tariff Act of 1930 provides for "Rosaries, chaplets, and similar articles of religious devotion." The provision has been construed to include only such articles as are similar to rosaries and chaplets, "the main purpose of which is, as those words are commonly understood, to aid the memory in keeping a count of the number of prayers said," *Benziger Bros.* v. *United States,* 14 Ct. Cust. Appls. 270, T.D. 41883. Certainly, key chains, such as the articles in question, are not included therein.

The collector's classification of the present merchandise under paragraph 1527(c)(2), *supra,* carries the presumption that the key chains in question are articles designed to be carried on or about or attached to the person as incidental articles of mere personal comfort, convenience, or adornment, within the judicial interpretation of the statutory language under discussion as enunciated in *Gallagher & Ascher et al.* v. *United States,* 6 Ct. Cust. Appls. 105, T.D. 35343, and *United States* v. *Horstmann Co.,* 14 Ct. Cust. Appls. 443, T.D. 42079. Plaintiff, in challenging the collector's classification, had the burden of not only showing that such classification was wrong, but also of proving the correctness of its claim. *Yardley & Co., Ltd., et al.* v. *United States,* 41 C.C.P.A. (Customs) 85, C.A.D. 533. Plaintiff has failed to sustain its twofold obligation.

In an alternative claim, plaintiff alleges error in liquidation of the entry in question. Since no proof was offered to substantiate this claim, the same is overruled.

For all of the reasons hereinabove set forth, the protest is overruled, and judgment will be rendered accordingly.