UNITED STATES *v.* S. H. KRESS & Co. (No. 4989)[1]

United States Court of Customs and Patent Appeals, July 10, 1959

*George Cochran Doub*, Assistant Attorney General, *Richard E. FitzGibbon*, Chief, Customs Section, for the United States.

*Sharretts, Paley & Carter, W. R. Johnson* (*Howard Clare Carter* of counsel), for the appellee.

Before WORLEY, Acting Chief Judge, and RICH, and MARTIN, Associate Judges

WORLEY, Chief Judge, delivered the opinion of the court:

This is an appeal from the judgment of the United States Customs Court, First Division, C.D. 2037, sustaining the importer's protest and holding the instant importations classifiable under paragraph 1503 of the Tariff Act of 1930, as beads, not specially provided for, rather than as articles wholly or in chief value of beads, under the same paragraph.

[1] C. A. D. 716.

The pertinent provisions of paragraph 1503, as modified by T.D. 51802, supplemented by T.D. 51893, read:

Beads, including bugles, not specially provided for_____ 17½% ad val.

Fabrics and articles not ornamented with beads, spangles, or bugles, nor embroidered, tamboured, appliqued, or scalloped, composed wholly or in chief value of beads or spangles (other than imitation pearl beads, beads in imitation of precious or semi-precious stones, and beads in chief value of synthetic resin) _____ 37½% ad val.

Paragraph 1503 also contains the following proviso which we think has a particular bearing on the facts here:

*Provided,* that the rates on spangles and *beads* provided in this paragraph shall be applicable whether such spangles and *beads* are *strung* or loose, mounted or unmounted * * *.[2]

The merchandise, labelled "String of Beads for Christmas Decorating," consists of beads of different sizes and colors on strings 9 to 10 feet in length. It is agreed to be the same in all material respects as that before us in *United States* v. *S. H. Kress & Co.,* 44 CCPA 141, C.A.D. 651, where it was stipulated that the merchandise was used in its imported condition *exclusively* as Christmas decorations. There it was held, one judge dissenting, that the merchandise was *dedicated* to that single use and should be classified as articles "wholly or in chief value of beads," rather than as "beads." Here there is no such stipulation. On the contrary, the importer called two witnesses to show that the beads were used for purposes other than Christmas decorations. The Customs Court held that testimony, coupled with certain exhibits showing other uses, was sufficient to support, at least *prima facie,* the importer's contentions and sustained its protest, holding the first *Kress* case inapplicable to the new record made here. In so holding, the court said:

That beads may be strung or mounted and still be beads in a tariff sense, is well settled. *Theo. L. Stern & Co. (Inc.)* v. *United States,* 20 C.C.P.A. (Customs) 423, T.D. 46260. Moreover, paragraph 1503 of the Tariff Act of 1930, as originally enacted, embodies a proviso that was not included in predecessor paragraphs in earlier tariff acts and which reads as follows:

* * * *Provided,* that the rates on spangles and beads provided in this paragraph shall be applicable whether such spangles and beads are strung or loose, mounted or unmounted: * * *

In the first part of its brief here the Government contends that

The articles, as imported, are complete and designed and *chiefly used* for a particular purpose, to wit, as Christmas tree ornaments.[2]

It concludes with the following:

Since the evidence established that the merchandise consists of specific finished articles, it follows that such articles be classified *according to their condition as imported rather than according to the use made of some of them.* [Citing *Leonard Levin Co.* v. *United States,* 27 CCPA 101, C.A.D. 69.]

---

[2] Emphasis ours.

■ It is, of course, our duty to interpret the statutes to reflect Congressional intent. ■ When a statute is ambiguous, vague, or uncertain it is proper to employ established judicial aids of construction to ascertain what Congress intended. With respect to the "use" question here, we think what was said in *M. Pressner & Co.* v. *United States*, 42 CCPA 48, C.A.D. 568, is applicable:

■ A "use" provision ordinarily prevails over an *eo nomine* designation. *United States* v. *Snows United States Sample Express Co.*, 8 Ct. Cust. Appls. 351, T.D. 37611. *The exception to this rule is the presence of a clear congressional intent to the contrary.* *United States* v. *Pfaltz & Bauer (Inc.)* et al., 16 Ct. Cust. Appls. 358, T.D. 43091; *United States* v. *John H. Faunce (Inc.)* et al., 21 C.C.P.A. (Customs) 80, T.D. 46395; *Morilla Co., Inc.* v. *United States*, 27 Cust. Ct. 210, C.D. 1372. * * *[2]

We think this is one of the exceptions referred to because of the express language in the proviso that "the rates on * * * *beads* provided in this paragraph shall be applicable whether such * * * *beads* are *strung* or loose, * * *"[2] The Customs Court also relied on certain data prepared for the House Committee on Ways and Means in support of its conclusion as to congressional intent.

There is nothing vague or ambiguous about the language in the above proviso. No one argues that, in their condition as imported, the beads are anything else but beads, or that they are not strung on a string. If, therefore, they do not come within the congressional designation of "beads," "strung," it would be hard to visualize just what Congress had in mind and what merchandise could qualify under that language. In the face of such clear language, resort to judicial aids of construction leading to a conflicting result, would be to ignore what Congress has said, and to substitute our own views for those of that body. There would be no further need of the proviso referred to.

The decision is *affirmed*.

SMITH, J., and JOHNSON, J., Retired, not present at the argument, were called in to participate in the decision pursuant to stipulation of counsel.

MARTIN, Judge, dissenting:

I am constrained to dissent from the conclusion reached by my colleagues herein. I believe that the record in this case requires a finding that the merchandise is "dedicated to use in its imported condition," and is thereby dutiable as classified by the collector as an article in chief value of beads.

The earlier *Kress* case involved the same merchandise, imported for the same intended use. An importer of the merchandise at bar testified that he knew of *no* other commercial use of the articles than in their condition as imported. Just as we found in *Kress*, these goods in their condition as imported are "* * * intended to be used as

Christmas decorations * * * " and "the colors of the beads and the lengths of the strings have evidently been selected with that use in mind * * *." However, the majority here finds that there are "other uses" of the bead strings, based upon the sole testimony of a decorator who conducts classes in decorating in Stamford, Connecticut, and who has seen bead decorations in her friends' homes in various configurations. The witness, while testifying that she has personally purchased merchandise like the imported bead articles as material for corsages, center-pieces, and the like, failed to state that any of her acquaintances whose decorative efforts she surveyed had purchased the beads in a form similar to the complete string of beads packaged for Christmas tree decorations as here imported. Furthermore, she testified that she knew the beads were used for Christmas decorations in the form in which they were imported. Such testimony only evidences a use in a particular area which may be casual and incidental but is certainly not substantial and widespread, which characteristics must be found in order to predicate classification thereon. *United States* v. *F. B. Vandergrift & Co., Inc.*, 44 CCPA 15, C.A.D. 628.

While the merchandise in issue is susceptible of other uses, I believe that it was dedicated to use as an article where it was designed, manufactured, and shaped for use as that article. *Henry Pollak (Inc.)* v. *United States*, 19 CCPA 215, T.D. 45324. There is no evidence that the bead chains were strung solely for transportation, and I believe the proviso in paragraph 1503 referred to in the majority opinion is related only to the question of packaging for shipment and is not relevant to the issues in this litigation (Cf. *Heller & Son* v. *United States*, 12 Ct. Cust. Appls. 368, T.D. 40521).

The record shows no more than a fugitive use differing from that for which the articles were imported. I would therefore reverse the judgment of the Customs Court and hold that the importations are articles under the provisions of paragraph 1503 dutiable at 37½% ad valorem.

JOHNSON, J., joins in this dissent.