informed on all of these transactions and, in the instant case, full disclosure of all information in his possession was made to the appraising authorities.

Scholder could not explain why after receiving notice of appraisement an amendment was not made. Such matters were handled at that time by a customs broker, Joseph Pilcer, who has since died. An appeal for a reappraisement was filed in connection with the instant importation, but said appeal was finally abandoned.

For a petitioner to succeed in remission proceedings, it is incumbent on it to produce satisfactory evidence that the entry of the merchandise at less value than that returned upon final appraisement was without any intention to defraud the revenue of the United States, or to conceal or misrepresent the facts of the case, or to deceive the appraiser as to the value of the merchandise. As was stated by our appellate court in *Linen Thread Co.* v. *United States*, 13 Ct. Cust. Appls. 301, T.D. 41220—

Each case must be determined upon the circumstances and conditions peculiar to it, supplemented by such evidentiary facts as may be required to fully explain the matters in issue. * * * Proof of the circumstances and conditions, and a full and candid explanation thereof is required. Anything less than that is not sufficient. * * *

It is the opinion of the court in this case that petitioner has met the burden placed upon it and that such satisfactory evidence of good faith and full disclosure has been presented as warrants the granting of the instant petition. We so hold.

Judgment will be entered accordingly.

BEFORE THE FIRST DIVISION, JULY 29, 1960

No. 64412.—S. H. Kress & Co. et al. *v.* United States, protests 276332-K, etc. (New York).

Opinion by OLIVER, C. J. In accordance with stipulation of counsel that the merchandise consists of beads the same in all material respects as those the subject of *United States* v. *S. H. Kress & Co.* (46 C.C.P.A. 135, C.A.D. 716), the claim of the plaintiffs was sustained.

No. 64413.—M. Adler's Son, Inc. *v.* United States, protest 59/10097 (San Francisco).

Opinion by OLIVER, C. J. In accordance with stipulation of counsel that the merchandise consists of beads the same in all material respects as those the subject of *United States* v. *S. H. Kress & Co.* (46 C.C.P.A. 135, C.A.D. 716), the claim of the plaintiff was sustained.

**No. 64414.**—William Shaland Corp. *v.* United States, protest 59/22858 (New York).

Opinion by OLIVER, C. J. In accordance with stipulation of counsel that the merchandise consists of beads the same in all material respects as those the subject of *United States* v. *S. H. Kress & Co.* (46 C.C.P.A. 135, C.A.D. 716), the claim of the plaintiff was sustained.

**No. 64415.**—Langfelder, Homma & Carroll, Inc., et al. *v.* United States, protests 59/30604, etc. (New York).

Opinion by OLIVER, C. J. In accordance with stipulation of counsel that the merchandise consists of beads the same in all material respects as those the subject of *United States* v. *S. H. Kress & Co.* (46 C.C.P.A. 135, C.A.D. 716), the claim of the plaintiffs was sustained.

**No. 64416.**—Max Eckardt & Sons Ornament Corp. *v.* United States, protests 60/304 and 60/384 (New York).

Opinion by OLIVER, C. J. In accordance with stipulation of counsel that the merchandise consists of beads the same in all material respects as those the subject of *United States* v. *S. H. Kress & Co.* (46 C.C.P.A. 135, C.A.D. 716), the claim of the plaintiff was sustained.

**No. 64417.**—Henry Coehler Co., Inc. *v.* United States, protest 322258–K (New York).