No. 65248.—Enicar Watch Corporation *v.* United States, protest 60/12475 (New York).

RICHARDSON, Judge: The merchandise in this case consists of wristwatches and watch movements imported from Switzerland and entered at the port of New York.

On appraisement, the entered value of the merchandise was advanced by the appraiser. A notice, dated August 6, 1959, was sent to the importer of record informing it that the appraised value exceeded the entered value. No appeal was taken from the appraisement within the period provided in 19 U.S.C.A., section 1501 (section 501, Tariff Act of 1930), as amended, and, on February 10, 1960, the entry was liquidated by the collector of customs on the basis of the value as found by the appraiser.

On March 11, 1960, the plaintiff filed the instant protest, which reads in part as follows:

We must, therefore, protest the advancement of the case values and insist that their correct value is Sfrs. 5.70—as verified by the supplier, ENICAR S.A., F.H. and the WATCHMAKERS OF SWITZERLAND.

Defendant has moved to dismiss said protest on the ground that it does not express dissatisfaction with any action of the collector, but attacks the appraiser's finding of value, which has become final and conclusive under the provisions of section 1501, *supra.*

Defendant's motion to dismiss is well founded. It is apparent from a reading of the protest that the only question raised thereby relates to the correctness of the appraised values of the instant merchandise. Not a single claim is made therein with respect to any action of the collector, nor is the legality of the appraisement questioned.

"While an appraisement may be attacked on protest because those making it 'proceeded on a wrong principle contrary to law or transcended the powers granted by statute,' *United States* v. *Passavant,* 169 U.S. 16, it is limited to that and an attack upon the amount of the appraised value, no question of law being involved, can only be had on reappraisement appeal." *T. S. Kennedy Co.* v. *United States,* 2 Cust. Ct. 404, C.D. 165. See also *Eurasia Import Co., Inc.* v. *United States,* 31 C.C.P.A. (Customs) 144, C.A.D. 265.

Plaintiff could have accomplished what it is here attempting to do, that is, challenge the appraiser's valuation of the imported merchandise herein, by filing a timely appeal for reappraisement pursuant to section 1501, *supra.* However, since no such appeal was filed, the appraised values have become final and conclusive upon all persons and may not now be attacked.

Defendant's motion to dismiss the protest is granted. Judgment will be rendered accordingly.

BEFORE THE FIRST DIVISION, MARCH 8, 1961

No. 65249.—William Shaland *v.* United States, protest 58/5494 (New York).

Opinion by OLIVER, C. J. In accordance with stipulation of counsel that the merchandise consists of beads the same in all material respects as those the subject of *United States* v. *S. H. Kress & Co.* (46 C.C.P.A. 135, C.A.D. 716), the claim of the plaintiff was sustained.

No. 65250.—Langfelder, Homma & Carroll, Inc., et al. *v.* United States, protests 60/12072, etc. (New York).

Opinion by OLIVER, C. J. In accordance with stipulation of counsel that the merchandise consists of beads the same in all material respects as those the subject of *United States* v. *S. H. Kress & Co.* (46 C.C.P.A. 135, C.A.D. 716), the claim of the plaintiffs was sustained.

No. 65251.—Ross Products, Inc. *v.* United States, protest 60/1539 (New York).

Opinion by OLIVER, C. J. In accordance with stipulation of counsel that the merchandise consists of glass ornamental novelties similar in all material respects to those the subject of Abstract 62984, the claim of the plaintiff was sustained.

No. 65252.—Langfelder, Homma & Carroll, Inc. *v.* United States, protest 59/19174 (New York).

Opinion by OLIVER, C. J. In accordance with stipulation of counsel that the merchandise consists of animal criers similar in all material respects to those the subject of Abstract 37663, except that the merchandise herein is in chief value of paper and not composed of mineral or earthy substances, the claim of the plaintiff was sustained.

No. 65253.—Ditbro Pearl Co. and Liebermann Waelchli & Co., N.Y., Inc. *v.* United States, protests 60/18360 and 60/18405 (New York).